■ Boris Mosheyeva et al., Respondents, v Joseph Diste-fano et al., Appellants. [733 NYS2d 499] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated January 4, 2001, as denied their motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the motion is granted, and the complaint is dismissed.

The plaintiffs were allegedly injured in an automobile accident on August 6, 1997. By notice of motion dated July 25, 2000, the defendants moved for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d). The notice of motion demanded that the plaintiffs serve their answering papers on the defendants at least seven days prior to the return date, pursuant to CPLR 2214 (b).

The original motion return date of September 26, 2000, was adjourned to October 31, 2000, without opposition. The plaintiffs' examining physician examined the plaintiff Boris Mosheyeva on October 11, 2000, and examined the plaintiff Yelena Mosheyeva on October 15, 2000, and did not execute affirmations containing his findings until November 2, 2000, after the October 31, 2000, return date.

On October 31, 2000, the motion was again adjourned to December 5, 2000. The plaintiffs were required to serve opposition papers by November 21, 2000. However, the plaintiffs failed to do so.

The motion was further adjourned to January 2, 2001. Although the plaintiffs' affidavit of service indicated service of their opposition papers on December 26, 2000, the metered postage strip affixed to their envelope evidenced a date of December 29, 2000. The defendants received the plaintiffs' opposition papers on January 3, 2001, the day after the motion was marked fully submitted on January 2, 2001.

The defendants then submitted a letter dated January 5, 2001, by hand, to the Supreme Court objecting to the untimely service of the plaintiffs' opposition papers and requesting that the court consider their annexed reply in the event the court elected to consider the opposition papers. The Supreme Court refused to consider the defendants' reply papers and issued an order, *inter alia*, denying their motion for summary judgment.

CPLR 2214 (b) provides, in relevant part, that "[a]nswering

affidavits shall be served at least seven days before such time if a notice of motion served at least twelve days before such time so demands; whereupon any reply affidavits shall be served at least one day before such time."

The Supreme Court improvidently exercised its discretion in accepting and considering the plaintiffs' untimely opposition papers, particularly since the plaintiffs failed to provide any excuse for their delay, and the defendants were prejudiced by the court's rejection of their reply papers (*see, Risucci v Zeal Mgt. Corp.,* 258 AD2d 512; *cf., Vlassis v Corines,* 254 AD2d 273; *Kavakis v Total Care Sys.,* 209 AD2d 480). The defendants' motion should have been granted since they made out a prima facie case for summary judgment. Santucci, J. P., Altman, Florio, H. Miller and Cozier, JJ., concur.