■■■ GEORGE R. ARMELE, Appellant, v MOOSE INTERNATIONAL, INC., et al., Respondents. (Appeal No. 1.) [755 NYS2d 149] —Appeal from an order of Supreme Court, Chautauqua County (Gerace, J.), entered November 13, 2001, which, inter alia, granted those parts of the motions of defendants Moose International, Inc. and Joseph Genco seeking dismissal of the eighth and ninth causes of action of the second amended verified complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to plaintiff's contention with respect to the order in appeal No. 1, Supreme Court properly granted those parts of the motions of defendants Moose International, Inc. (Moose International) and Joseph Genco seeking dismissal of the eighth and ninth causes of action of the second amended verified complaint for failure to state a cause of action for defamation against them (see CPLR 3211 [a] [7]). With respect to Genco, the eighth cause of action is asserted against him in his individual capacity and there is no allegation in that cause of action that he committed a defamatory act. With respect to Moose International, plaintiff contends that the doctrines of respondeat superior and ratification are applicable (see generally Loughry v Lincoln First Bank, 67 NY2d 369, 377; Murray v Watervliet City School Dist., 130 AD2d 830, 830-831; O'Brien v Bates Corp., 211 App Div 743, 744). The eighth cause of action, however, does not allege that Genco was an agent or employee of Moose International.

Contrary to the contention of plaintiff with respect to the order in appeal No. 2, the court did not abuse its discretion in denying his motion seeking to vacate an order entered July 10, 2001 on the ground of excusable default (see CPLR 5015 [a] [1]). All defendants with the exception of Moose International had moved to compel certain discovery and to quash certain subpoenas, and the court granted the motion upon plaintiff's

failure to serve opposing papers or to appear on the return date of the motion. Although it is undisputed that plaintiff was aware of the order immediately after it was granted and before it was entered, he waited until October 5, 2001 to seek relief from it. His only proffered excuse for defaulting on the underlying motion was his alleged confusion concerning whether that motion had been adjourned. In denying plaintiff's motion, the court rejected plaintiff's excuse as implausible because plaintiff did not immediately assert the excuse after learning of the order. We note in addition that, although the excuse asserted by plaintiff may address his failure to appear on the return date of the motion, it does not address his failure to serve opposing papers. "The determination of what constitutes a reasonable excuse for the default is a matter that rests within the sound discretion of the court" (*Shouse v Lyons*, 265 AD2d 901, 902). Here, we conclude that the court did not abuse its discretion in rejecting plaintiff's excuse and denying plaintiff's motion (*see General Elec. Capital Auto Lease v Terzi*, 232 AD2d 449, 450). Present—Wisner, J.P., Scudder, Burns and Hayes, JJ.