■ CLAUDIA DIAMOND et al., Appellants, v DIAMOND DIAMANTE et al., Respondents. JAMES D. REDDY, Nonparty Appellant. [869 NYS2d 609]—

Where, as here, the order appealed from was made upon the plaintiffs' default, "review is limited to matters which were the subject of contest below" (*Matter of Constance P. v Avraam G.*, 27 AD3d 754, 755 [internal quotations marks omitted]; *see James v Powell*, 19 NY2d 249, 256 n 3 [1967]; *Wexler v Wexler*, 34 AD3d 458, 459 [2006]; *Brown v Data Communications*, 236 AD2d 499 [1997]). Accordingly, in this case, review is limited to the denial of the plaintiffs' request for an adjournment, on the appeal by the plaintiffs, and the award of costs and imposition of sanctions against nonparty James D. Reddy, on the appeal by the nonparty (*see Matter of Paulino v Camacho*, 36 AD3d 821, 822 [2007]; *Tun v Aw*, 10 AD3d 651, 652 [2004]).

Turning to the merits, "[t]he granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (*Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *see Matter of Steven B.*, 6 NY3d 888, 889 [2006]; *Matter of Sicurella v Embro*, 31 AD3d 651 [2006], *lv denied* 7 NY3d 717 [2006]), and its determination will not be disturbed absent an improvident exercise of that discretion (*see Davidson v Davidson*, 54 AD3d 988 [2008]). "In making such a determination, the court must undertake a balanced consideration of all relevant factors" (*Matter of Sicurella v Embro*, 31 AD3d at 651), including "the merit or lack of merit of the action, extent of the delay," the number of adjournments granted, the "lack of intent to deliberately default or abandon the action" and the length of the pendency of the proceeding (*Belsky v Lowell*, 117 AD2d 575, 576 [1986]; *see Matter of Claburn v Claburn*, 128 AD2d 937, 938 [1987]).

Applying these legal principles here, the Supreme Court did not improvidently exercise its discretion in refusing to grant an

adjournment. It is undisputed that the plaintiff Claudia Diamond failed to appear ready to proceed for two successive court dates during the trial-in-chief of this approximately five-year-old matter, when she was scheduled to undergo cross examination. Indeed, on the second occasion, which was marked "final" by the court, she was outside of the courthouse in her car and refused to enter the building. Although the court directed her husband, the plaintiff Joseph Diamond, to bring her into the courtroom, and afforded them adequate time to appear in the courtroom, both of the plaintiffs then failed to appear before the Supreme Court ready to proceed, which conduct evidenced an intent to abandon the action. In light of this unreasonable failure to proceed, we decline to disturb the Supreme Court's exercise of discretion (*see Matter of Steven B.*, 6 NY3d at 889; *Matter of Nicholas S.*, 46 AD3d 830 [2007]; *Matter of Doran J.*, 266 AD2d 99 [1999]; *Brown v Data Communications*, 236 AD2d at 499; *Wren v Lawrence Hosp.*, 203 AD2d 559 [1994]).

With respect to the issue of costs and sanctions, the plaintiffs' counsel was properly apprised of the specific conduct which the court intended to review prior to the hearing on the issue of whether sanctions were to be imposed for his failure to appear on the initial scheduled court date (*cf. Telemark Constr. v Fleetwood & Assoc.*, 236 AD2d 462 [1997]). However, although the plaintiffs' attorney was afforded that opportunity to be heard on the issue of sanctions, he was not afforded a similar opportunity prior to the award of costs. Accordingly, the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of whether costs should have been awarded (*see* 22 NYCRR 130-1.1 [d]; *Kelleher v Mt. Kisco Med. Group*, 264 AD2d 760 [1999]; *Bosco v U-Haul of Flatbush*, 244 AD2d 373 [1997]; *Deeb v Tougher Indus.*, 216 AD2d 667 [1995]; *Breslaw v Breslaw*, 209 AD2d 662 [1994]; *Flaherty v Stavropoulos*, 199 AD2d 301 [1993]).

The parties' remaining contentions are without merit. Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.