■ CHRISTIE SARLO-PINZUR, Respondent, v MARK PINZUR, Appellant. [874 NYS2d 499]—

In an action for a divorce and ancillary relief, the husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Putnam County (O'Rourke, J.), dated December 12, 2007, which, inter alia, upon the granting of his attorney's motion to withdraw as counsel and the denying of his request to adjourn the trial, in effect, pursuant to CPLR 321 (c), upon his subsequent default in appearing at the trial on the issues of, among other things, maintenance and equitable distribution, and upon a decision of the same court dated December 12, 2007, made after a nonjury trial, awarded the wife maintenance in the sum of $500 per month for four years and equitably distributed the marital property.

Ordered that the appeal from the judgment is dismissed except insofar as it brings up for review the granting of the husband's attorney's motion to withdraw as counsel and the denying of the husband's request to adjourn the trial, in effect, pursuant to CPLR 321 (c); and it is further,

Ordered that the judgment is affirmed insofar as reviewed, with costs payable to the respondent.

The judgment from which the husband appeals was entered on default, since he left the courtroom as the trial commenced (*see Matter of Anita L. v Damon N.*, 54 AD3d 630 [2008]). Although no appeal lies from a judgment entered on the default of the appealing party (*see* CPLR 5511), an appeal from such a judgment does bring up for review "those 'matters which were

the subject of contest' before the Supreme Court" (*Tun v Aw,* 10 AD3d 651, 652 [2004], quoting *James v Powell,* 19 NY2d 249, 256 n 3 [1967]; *see Katz v Katz,* 68 AD2d 536 [1979]). Here, those matters consist of the granting of the motion of the husband's attorney to withdraw as counsel and the Supreme Court's denying of the husband's request to adjourn the trial, in effect, pursuant to CPLR 321 (c).

As a general rule, CPLR 321 (c) requires that there be a 30-day stay of all proceedings after counsel is permitted to withdraw over the client's objection (*see Albert v Albert,* 309 AD2d 884, 886 [2003]). Where, however, the attorney's withdrawal is caused by a voluntary act of the client, the court has the discretion to permit the matter to proceed without such a stay (*see Graco Constr. Corp. v Eves,* 232 AD2d 370 [1996]; *Levine v City of New York,* 111 AD2d 785, 788 [1985]; *Hendry v Hilton,* 283 App Div 168, 171 [1953]). Here, the husband's counsel moved for leave to withdraw on the ground that the husband had refused to provide financial information necessary to the trial of the case. The motion was properly granted on the basis of the husband's failure to cooperate with his counsel (*see Green v Gasparini,* 24 AD3d 505, 506 [2005]; *McCormack v Kamalian,* 10 AD3d 679 [2004]; *Winters v Rise Steel Erection Corp.,* 231 AD2d 626 [1996]) and, in these circumstances, the Supreme Court providently exercised its discretion in refusing to adjourn the trial further (*cf. Cuevas v Cuevas,* 110 AD2d 873 [1985]).

The husband's remaining contention, that the matter should have been adjourned until certain criminal charges against him were resolved, was not raised in the Supreme Court and, therefore, is not properly before us (*see People v LaRock,* 45 AD3d 1121, 1123 [2007]). Spolzino, J.P., Angiolillo, Dickerson and Belen, JJ., concur.