■ LAVERNE HAWES, as Guardian of the Person and Property of FRANCES WARD, et al., Respondents, v YASSER LEWIS et al., Appellants, et al., Defendant. [7 NYS3d 367]—

In an action, inter alia, to cancel a deed and to set aside a conveyance of certain real property, the defendants Yasser Lewis, Basheer Jameel Lewis, Fulton Brothers Realty, LLC, and 1289 Fulton Street, LLC, appeal from an order of the Supreme Court, Kings County (Baily-Schifman, J.), dated February 21, 2014, which, upon the denial of their request for an adjournment to obtain new counsel, inter alia, granted the plaintiffs' unopposed motion to strike their answers, and thereupon set the matter down for an inquest on the issue of damages.

Ordered that the appeal is dismissed except insofar as it brings up for review the denial of the appellants' request for an adjournment (*see* CPLR 5511; *Katz v Katz*, 68 AD2d 536, 540-542 [1979]); and it is further,

Ordered that the order is affirmed insofar as reviewed, with costs.

Where, as here, the order appealed from was made upon the appellants' default, "review is limited to matters which were the subject of contest below" (*Matter of Constance P. v Avraam G.*, 27 AD3d 754, 755 [2006]; *see James v Powell*, 19 NY2d 249, 256 n 3 [1967]; *Diamond v Diamante*, 57 AD3d 826, 827 [2008]). Accordingly, in this case, review is limited to the denial of the appellants' request for an adjournment (*see Matter of Sacks v Abraham*, 114 AD3d 799, 800 [2014]; *Diamond v Diamante*, 57 AD3d at 827; *Tun v Aw*, 10 AD3d 651, 652 [2004]).

The granting of an adjournment for any purpose rests within the sound discretion of the court (*see Matter of Steven B.*, 6 NY3d 888, 889 [2006]; *Dune Deck Owners Corp. v J.J.& P. Assoc. Corp.*, 85 AD3d 1091 [2011]; *Diamond v Diamante*, 57 AD3d at 827), and its determination will not be disturbed absent an improvident exercise of that discretion (*see Diamond v Diamante*, 57 AD3d at 827; *Davidson v Davidson*, 54 AD3d 988 [2008]). In deciding whether to grant an adjournment, the court must engage in a balanced consideration of numerous relevant factors, including the merit or lack of merit of the action, the extent of the delay, the number of adjournments granted, the lack of intent to deliberately default or abandon the action, and the length of the pendency of the proceeding (*see Diamond v Diamante*, 57 AD3d at 827).

Applying these principles here, the Supreme Court did not improvidently exercise its discretion in denying the appellants' request for an adjournment to obtain new counsel after their second counsel was relieved, as second counsel requested that the appellants permit it to be relieved of the obligation of representation, based on the appellants' lack of cooperation with second counsel, and the appellants thereupon voluntarily consented to second counsel's request (*see Sarlo-Pinzur v Pinzur*, 59 AD3d 607, 608 [2009]; *Graco Constr. Corp. v Eves*, 232 AD2d 370, 371 [1996]).

The appellants' remaining contentions are not properly before this Court. Dillon, J.P., Dickerson, Hall and LaSalle, JJ., concur.