◼ In the Matter of TRACY BREAKER, Appellant, v ACS-KINGS et al., Respondents. [8 NYS3d 918]—

Appeal from an order of the Family Court, Kings County (Ann E. O'Shea, J.), dated February 11, 2014. The order dismissed a petition pursuant to Family Court Act article 6 for lack of personal jurisdiction.

Ordered that the order is affirmed, without costs or disbursements.

The appellant is the maternal aunt of the subject child. She filed a petition pursuant to Family Court Act article 6, seeking custody of the child.

Contrary to the appellant's contention, the Family Court properly dismissed the petition on the ground that the appellant failed to serve a copy of the petition on the child's putative father, or present admissible evidence showing the efforts made to effect service on the putative father (*see* CPLR 308 [5]; *Corbo v Stephens*, 272 AD2d 502, 502 [2000]; *Cooper-Fry v Kolket*, 245 AD2d 846, 847 [1997]).

Contrary to the appellant's further contention, the Family Court providently exercised its discretion in denying her request for an adjournment. "The grant or denial of a motion for 'an adjournment for any purpose is a matter resting within the sound discretion of the trial court' " (*Matter of Steven B.*, 6 NY3d 888, 889 [2006], quoting *Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *see Matter of Venditto v Davis*, 39 AD3d 555, 555 [2007]; *Matter of Paulino v Camacho*, 36 AD3d 821, 822 [2007]). "In making such a determination, the court must undertake a balanced consideration of all relevant factors" (*Matter of Sicurella v Embro*, 31 AD3d 651, 651 [2006]). Under the circumstances of this case, including the fact that the need for an adjournment resulted from a lack of due diligence on the appellant's part, the Family Court providently exercised its discretion in denying the appellant's request (*see generally Matter of Ca'leb R.D. [Mary D.S.]*, 121 AD3d 890, 891 [2014]; *Diamond v Diamante*, 57 AD3d 826, 827 [2008]; *Matter of Venditto v Davis*, 39 AD3d at 555; *Matter of Paulino v Camacho*, 36 AD3d at 822). Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.