(December 14, 2016)

■ ROSEMOND ADOTEY et al., Appellants, v BRITISH AIRWAYS, PLC, et al., Respondents, et al., Defendant. [44 NYS3d 82]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Loehr, J.), dated February 21, 2014, as denied their request for an adjournment of a motion return date and an extension of time to file opposition papers, and thereupon granted the separate unopposed motions of the defendant British Airways, PLC, and the defendants ABM Industries Incorporated, ABM Industries, Inc., and ABM Engineering Services Company for summary judgment dismissing the complaint insofar as asserted against each of them, and (2) a judgment of the same court dated February 28, 2014, which, upon the order, is in favor of the defendants ABM Industries Incorporated, ABM Industries, Inc., and ABM Engineering Services Company and against the plaintiffs, dismissing the complaint insofar as asserted against those defendants. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (see CPLR 5501 [c]).

Ordered that the appeal from so much of the order as denied the plaintiffs' request for an adjournment of a motion return date and an extension of time to file opposition papers to the motion of the defendants ABM Industries Incorporated, ABM Industries, Inc., and ABM Engineering Services Company and granted the separate unopposed motions of the defendant British Airways, PLC, and the defendants ABM Industries Incorporated, ABM Industries, Inc., and ABM Engineering Services Company for summary judgment dismissing the complaint insofar as asserted against each of them is dismissed; and it is further,

Ordered that the appeal from the judgment is dismissed except insofar as it brings up for review the denial of the plaintiffs' request for an adjournment of a motion return date and an extension of time to file opposition papers to the motion of the defendants ABM Industries Incorporated, ABM Industries, Inc., and ABM Engineering Services Company (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs payable by the appellants.

The appeal from so much of the order as denied the plaintiffs' request for an adjournment of a motion return date and an extension of time to file opposition papers to the motion of the defendants ABM Industries Incorporated, ABM Industries, Inc., and ABM Engineering Services Company must be dismissed as that portion of the order is not appealable as of right, and any possibility of taking a direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The appeal from so much of the order as granted the separate unopposed motions of the defendant British Airways, PLC, and the defendants ABM Industries Incorporated, ABM Industries, Inc., and ABM Engineering Services Company for summary judgment dismissing the complaint insofar as asserted against each of them must be dismissed on the ground that no appeal lies from an order or judgment granted upon the default of the appealing party (*see* CPLR 5511) and, in any event, with respect to the defendants ABM Industries Incorporated, ABM Industries, Inc., and ABM Engineering Services Company, because the order was superseded by the judgment entered in the action dismissing the complaint insofar as asserted against them.

The plaintiffs failed to submit papers to the Supreme Court in opposition to the respondents' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them, and the motions were therefore granted on default (*see J.F.J. Fuel, Inc. v Tran Camp Contr. Corp.*, 105 AD3d 908, 908 [2013]). No appeal lies from an order or judgment granted upon the default of the appealing party (*see* CPLR 5511; *T. Mina Supply, Inc. v Clemente Bros. Contr. Corp.*, 139 AD3d 1038, 1038 [2016]). Since the order upon which the judgment was entered was made upon the plaintiffs' default, "review is limited to matters which were the subject of contest below" (*Brown v Data Communications*, 236 AD2d 499, 499 [1997]; *see James v Powell*, 19 NY2d 249, 256 n 3 [1967]; *Hawes v Lewis*, 127 AD3d 921, 922 [2015]; *Matter of Constance P. v Avraam G.*, 27 AD3d 754, 755 [2006]). Accordingly, in this case, review is limited to the denial of the plaintiffs' request for an adjournment of the return date and an extension of time to file opposition papers (*see Hawes v Lewis*, 127 AD3d at 922).

The granting of an adjournment for any purpose rests within the sound discretion of the Supreme Court (*see Matter of Steven B.*, 6 NY3d 888, 889 [2006]), and its determination will not be

disturbed absent an improvident exercise of that discretion (*see Diamond v Diamante*, 57 AD3d 826, 827 [2008]). In deciding whether to grant an adjournment, the court must engage in a balanced consideration of numerous relevant factors (*see Hawes v Lewis*, 127 AD3d at 922). It is not an improvident exercise of discretion to deny an adjournment where the need for such a request is based on the movant's failure to exercise due diligence (*see Matter of Breaker v ACS-Kings*, 129 AD3d 715, 716 [2015]; *see also Armele v Moose Intl.*, 302 AD2d 986, 986 [2003]).

In addition, while a court has the discretion to grant an extension of time to file opposition papers, it must be upon a showing of good cause (*see* CPLR 2004). The delinquent party must offer a valid excuse for the delay (*see Kubicsko v Westchester County Elec., Inc.*, 116 AD3d 737, 739 [2014]).

Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in denying the plaintiffs' request for an adjournment of the return date and an extension of time to file opposition papers. The plaintiffs did not make an adequate showing of good cause because they did not offer a valid excuse for the extension (*see generally id.* at 739; *Mosheyeva v Distefano*, 288 AD2d 448, 449 [2001]), and the record reflected that the need for an adjournment resulted from a lack of due diligence on their part (*see generally Matter of Breaker v ACS-Kings*, 129 AD3d at 716; *Armele v Moose Intl.*, 302 AD2d at 987). Leventhal, J.P., Maltese, LaSalle and Brathwaite Nelson, JJ., concur.