■ PARK LANE NORTH OWNERS, INC., Respondent, v PAUL J. GENGO, Defendant/Third-Party Plaintiff-Appellant, et al., Defendant. NICHOLAS PESCETTO et al., Third-Party Defendants-Respondents. [58 NYS3d 81]—

In an action, inter alia, to recover damages for breach of contract, the defendant Paul J. Gengo appeals (1) from a judg-

ment of the Supreme Court, Queens County (Strauss, J.), entered June 27, 2014, which, upon the denial of his request for an adjournment of the nonjury trial, and upon his default in appearing at the nonjury trial, is in favor of the plaintiff and against him in the principal sum of $84,086.35, and, in effect, in favor of the third-party defendants and against him, dismissing the third-party complaint, and (2), as limited by his brief, from so much of an order of the same court dated December 15, 2014, as denied that branch of his motion which was to vacate the judgment.

Ordered that the appeal from the judgment is dismissed except insofar as it brings up for review the denial of the defendant's request for an adjournment; and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff and the third-party defendants appearing separately and filing separate briefs.

Although no appeal lies from a judgment entered on the default of the appealing party (see CPLR 5511), an appeal from such a judgment does bring up for review those matters which were the subject of contest before the Supreme Court (see Alam v Alam, 123 AD3d 1066, 1067 [2014]; Sarlo-Pinzur v Pinzur, 59 AD3d 607, 608 [2009]; Tun v Aw, 10 AD3d 651, 652 [2004]). Therefore, on this appeal by the defendant Paul J. Gengo (hereinafter the defendant) from the judgment, which was entered upon his failure to appear for a nonjury trial, this Court's review of the judgment is limited to the denial of the defendant's request for an adjournment (see Hawes v Lewis, 127 AD3d 921, 922 [2015]; Alam v Alam, 123 AD3d at 1067).

The granting of an adjournment for any purpose rests within the sound discretion of the Supreme Court (see Matter of Steven B., 6 NY3d 888, 889 [2006]), and its determination will not be disturbed absent an improvident exercise of that discretion (see Diamond v Diamante, 57 AD3d 826, 827 [2008]). In deciding whether to grant an adjournment, the court must engage in a balanced consideration of numerous relevant factors (see Hawes v Lewis, 127 AD3d at 922). It is not an improvident exercise of discretion to deny an adjournment where the need for such a request is based on the movant's failure to exercise due diligence (see Adotey v British Airways, PLC, 145 AD3d 748, 749-750 [2016]; Matter of Breaker v ACS-Kings, 129 AD3d 715, 716 [2015]; see also Armele v Moose Intl., 302 AD2d 986, 986 [2003]).

Here, the need for an adjournment resulted from, among other things, the defendant's lack of due diligence in seeking discovery and failure to notify the Supreme Court and the parties of his previously scheduled vacation abroad. Moreover, the defendant's counsel appeared on the day of the trial, but voluntarily left before the trial began. The court therefore did not improvidently exercise its discretion in denying the defendant's request for an adjournment of the trial (*see Adotey v British Airways, PLC*, 145 AD3d at 749-750; *Matter of Daniel K.L. [Shaquanna L.]*, 138 AD3d 743, 745 [2016]; *Matter of Breaker v ACS-Kings*, 129 AD3d at 716; *cf. Sarlo-Pinzur v Pinzur*, 59 AD3d at 608).

Moreover, to vacate the judgment entered upon his failure to appear for trial, the defendant was required to demonstrate both a reasonable excuse for his default and the existence of a potentially meritorious defense to the action (*see Vardaros v Zapas*, 105 AD3d 1037, 1038 [2013]). "The determination of what constitutes a reasonable excuse . . . lies within the sound discretion of the Supreme Court" (*Eastern Sav. Bank, FSB v Charles*, 103 AD3d 683, 684 [2013]; *see McNamara v McNamara*, 144 AD3d 1112, 1112-1113 [2016]; *Capurso v Capurso*, 134 AD3d 974, 975-976 [2015]). Here, the defendant offered no excuse for his counsel's decision to leave the courtroom as the trial began. Coupled with the defendant's own lack of due diligence in seeking discovery and failure to disclose his trip abroad, the defendant failed to demonstrate a reasonable excuse for his default (*see Vitolo v Suarez*, 130 AD3d 610, 611-612 [2015]).

In view of the lack of a reasonable excuse, it is unnecessary to consider whether the defendant demonstrated the existence of a potentially meritorious defense (*see Vardaros v Zapas*, 105 AD3d at 1038; *Maida v Lessing's Rest. Servs., Inc.*, 80 AD3d 732 [2011]; *O'Donnell v Frangakis*, 76 AD3d 999 [2010]).

Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to vacate the judgment. Rivera, J.P., Leventhal, Austin and Cohen, JJ., concur.