Content Critical, LLC, Appellant,
against
Wilen Press, LC, d/b/a Wilen Direct Wilen Group, LC, Respondent.




Amos Weinberg, Esq., for appellant.
Paul J. Solda, Esq., for respondent.

Appeal from an order of the District Court of Nassau County, First District (Scott Fairgrieve, J.), dated November 17, 2015. The order denied plaintiff's motion to (1) vacate an order of the same court dated September 29, 2015 granting defendant's oral motion to dismiss the complaint, and (2) restore the action to the trial calendar.




ORDERED that the order is affirmed, without costs.
This action for breach of contract was commenced in the Supreme Court, Nassau County, to recover the principal sum of $10,000. Following the transfer of the action to the District Court, the District Court, by order dated July 24, 2015, directed plaintiff to file, in effect, a notice of trial and marked the case final for trial for September 29, 2015. By letter to the District Court dated September 23, 2015, with a copy to defense counsel, plaintiff's attorney requested an adjournment because of the unavailability of plaintiff's witness, its president. Attached to plaintiff's attorney's letter was an affidavit by plaintiff's president, who stated that he had "previously committed to attend a corporate planning meeting" with other board members who had made arrangements to travel from out of state. Defense counsel submitted a letter to the court, asking that the court deny plaintiff's application for an adjournment. On September 29, 2015, a per diem counsel appeared for plaintiff and again requested an adjournment, which request was denied. By order dated September 29, 2015, the District Court granted an oral motion by defendant to dismiss the complaint with prejudice on the ground that plaintiff had [*2]failed to appear ready for trial. 
Plaintiff thereafter moved to vacate the order dated September 29, 2015, to deny defendant's motion and to restore the matter to the trial calendar. In an affidavit in support of the motion, plaintiff's president, stating that his corporate planning meeting had also been scheduled for September 29, 2015, the date of the trial, attested that his company's meetings "are planned months in advance." Defendant opposed plaintiff's motion. Plaintiff appeals from an order of the District Court, dated November 17, 2015, which denied plaintiff's motion. 
"A request for an adjournment is addressed to the sound discretion of the court, and its determination will not be disturbed absent an improvident exercise of discretion" (Mirzoeff v Nagar, 52 AD3d 789, 789 [2008]; see Hawes v Lewis, 127 AD3d 921 [2015]; Davidson v Davidson, 54 AD3d 988 [2008]; New York Merchants Protective Co., Inc. v Costanza, 28 Misc 3d 130[A], 2010 NY Slip Op 51253[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). Under the particular circumstances presented, we find that the District Court did not improvidently exercise its discretion in denying plaintiff's request for an adjournment. 
Accordingly, the order is affirmed. 
MARANO, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 17, 2017