V.S. Medical Services, P.C., as Assignee of Juan Tavaras, Appellant, 
against
Allstate Insurance Company, Respondent.




Korsunskiy Legal Group, P.C. (Koenig Pierre of counsel), for appellant.
Law Offices of Peter C. Merani, P.C. (Eric M. Wahrburg and Samuel Kamara of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered December 11, 2015. The judgment, entered pursuant to a determination of that court that plaintiff had defaulted by failing to comply with a condition for the granting of an adjournment of the trial, dismissed the complaint.




ORDERED that the appeal is dismissed except insofar as it brings up for review the determination that plaintiff had defaulted by failing to comply with the condition for the granting of an adjournment of the trial; and it is further,
ORDERED that the judgment, insofar as reviewed, is reversed, with $30 costs, the determination that plaintiff had defaulted by failing to comply with the condition for the granting of an adjournment of the trial is vacated, and the matter is remitted to the Civil Court for a new determination, following a hearing, of whether plaintiff had satisfied the condition for the granting of an adjournment and for any and all further proceedings, in accordance with this decision and order.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from a judgment dismissing the complaint, which was entered upon the Civil Court's determination that plaintiff had defaulted by failing to comply with a condition set by the court for granting plaintiff an adjournment of the trial, to wit, that plaintiff provide proof of the funeral [*2]which plaintiff's counsel alleged his witness had been attending on the scheduled trial date. 
We note that, although no appeal lies from a judgment entered on the default of the appealing party (see CPLR 5511), an appeal from such a judgment brings up for review those matters which were the subject of contest below (see James v Powell, 19 NY2d 249, 256 n 3 [1967]), which, in this case, was the Civil Court's determination that plaintiff had defaulted by failing to satisfy the condition for the granting of an adjournment (see Park Lane N. Owners, Inc. v Gengo, 151 AD3d 874 [2017]; Delijani v Delijani, 100 AD3d 823 [2012]; Matter of Branch v Cole-Lacy, 96 AD3d 741 [2012]; Sarlo-Pinzur v Pinzur, 59 AD3d 607 [2009]). 
"The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (Matter of Anthony M., 63 NY2d 270, 283 [1984]), and the Civil Court acted within its discretion in conditioning the granting of an adjournment of the trial upon plaintiff's providing proof of the funeral that its witness had allegedly been attending. However, we find that, in the circumstances presented, the Civil Court improvidently exercised its discretion in not allowing plaintiff's witness to testify in order to try to provide the required proof. Consequently, we remit the matter to the Civil Court for a hearing to give plaintiff such an opportunity, following which the court shall determine whether it is satisfied with plaintiff's proof.
Accordingly, the judgment, insofar as reviewed, is reversed, the determination that plaintiff had defaulted by failing to comply with a condition for the granting of an adjournment is vacated, and the matter is remitted to the Civil Court for a new determination, following a hearing, of whether plaintiff had satisfied the condition for the granting of an adjournment and for any and all further proceedings.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 13, 2018