BAC Home Loans Servicing, LP v Broskie (2018 NY Slip Op 08005)





BAC Home Loans Servicing, LP v Broskie


2018 NY Slip Op 08005


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2016-08256
 (Index No. 30100/10)

[*1]BAC Home Loans Servicing, LP, etc., respondent,
v
Elsie A. Broskie, et al., defendants; NMNT Realty Corp., intervenor-defendant-appellant.


Miller, Rosado, & Algios, LLP, Garden City, NY (Christopher Rosado and Neil A. Miller of counsel), for intervenor-defendant-appellant.
Rosicki, Rosicki & Associates, P.C., Plainview, NY (Kenneth M. Sheehan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the intervenor-defendant NMNT Realty Corp. appeals from an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated May 31, 2016. The order, insofar as appealed from, upon renewal, denied that branch of the cross motion of the intervenor-defendant, NMNT Realty Corp., which was pursuant to CPLR 3215(c) to dismiss the complaint as abandoned.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion of the intervenor-defendant, NMNT Realty Corp., which was pursuant to CPLR 3215(c) to dismiss the complaint as abandoned is granted.
In August 2010, the plaintiff commenced this action to foreclose a mortgage. Following the failure of the defendant mortgagors to appear at a mandatory settlement conference in December of 2010, the plaintiff was permitted to proceed with the action. In March of 2013, the plaintiff moved for an order of reference and the intervenor-defendant, NMNT Realty Corp. (hereinafter the appellant), which had obtained title to the subject property, cross-moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint as abandoned. The plaintiff later withdrew its motion and the Supreme Court denied the cross motion. The appellant moved for leave to renew its cross motion. Upon renewal, the court, among other things, denied that branch of the cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint as abandoned.
CPLR 3215(c) generally provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion." "The one exception to the otherwise mandatory language of CPLR 3215(c) is that the failure to timely seek a default on an unanswered complaint or counterclaim may be excused if sufficient cause is shown why the complaint should not be dismissed'" (Giglio v NTIMP, Inc., 86 AD3d 301, 308, quoting CPLR 3215[c]). "This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious" (Giglio v NTIMP, Inc., 86 AD3d at 308; see Pipinias v J. Sackaris & Sons, [*2]Inc., 116 AD3d 749, 751-752). "The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court" (Giglio v NTIMP, Inc., 86 AD3d at 308; see Park Lane N. Owners, Inc. v Gengo, 151 AD3d 874).
Here, we disagree with the Supreme Court's determination that the plaintiff proffered a reasonable excuse for its delay. Contrary to the plaintiff's contention, its conclusory and unsubstantiated assertions that unspecified periods of delay were attributable to compliance with a then newly adopted administrative order were insufficient to excuse the lengthy delay (see Wells Fargo Bank, N.A. v Cafasso, 158 AD3d 848, 849-850; HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 672).
Since the plaintiff failed to proffer a reasonable excuse, this Court need not consider whether the plaintiff had a potentially meritorious cause of action (see U.S. Bank, N.A. v Dorvelus, 140 AD3d 850).
Accordingly, the Supreme Court should have granted that branch of the appellant's cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint as abandoned.
AUSTIN, J.P., ROMAN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court