Tec-Crete Tr. Mix Corp. v Great Am. Ins. Co. of N.Y. (2018 NY Slip Op 08527)





Tec-Crete Tr. Mix Corp. v Great Am. Ins. Co. of N.Y.


2018 NY Slip Op 08527


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2017-03542
 (Index No. 707005/14)

[*1]Tec-Crete Transit Mix Corp., appellant, 
v
Great American Insurance Company of New York, respondent.


Craig A. Blumberg, New York, NY, for appellant.
Mound Cotton Wollan & Greengrass, LLP, New York, NY (Kevin F. Buckley and Daniel M. O'Connell of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of a commercial insurance policy, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), dated March 23, 2017. The order, insofar as appealed from, denied the plaintiff's motion for leave to file late opposition to the defendant's motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, Tec-Crete Transit Mix Corp., was insured under a commercial insurance policy issued by the defendant, Great American Insurance Company of New York. The plaintiff's facility was damaged on October 29, 2012, as a result of Hurricane Sandy. The plaintiff thereafter filed a claim with the defendant to recover for property damage and loss of business income. When the parties could not resolve the plaintiff's claim for loss of business income, the plaintiff commenced this action to recover additional payment on its claim for loss of business income and continuing expenses. Following discovery, the defendant moved for summary judgment dismissing the amended complaint. The initial return date on that motion was adjourned. The plaintiff subsequently served its opposition papers, but was informed by the Supreme Court that the papers were untimely and would not be considered. The plaintiff moved for leave to file late opposition to the defendant's motion. The court denied the plaintiff's motion, and the plaintiff appeals.
"[W]hile a court has the discretion to grant an extension of time to file opposition papers, it must be upon a showing of good cause (see CPLR 2004). The delinquent party must offer a valid excuse for the delay" (Adotey v British Airways, PLC, 145 AD3d 748, 750; see Kubicsko v Westchester County Elec., Inc., 116 AD3d 737, 739). Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion for leave to file late opposition to the defendant's motion for summary judgment. The plaintiff did not offer a valid excuse for its failure to timely serve its opposition papers (see Adotey v British Airways, PLC, 145 AD3d at 750; Risucci v Zeal Mgt. Corp., 258 AD2d 512).
MASTRO, J.P., LEVENTHAL, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court