Wallace v Wallace (2019 NY Slip Op 04221)





Wallace v Wallace


2019 NY Slip Op 04221


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-00281
 (Index No. 8926/15)

[*1]Kadine Wallace, respondent, 
v
Dwayne A. Wallace, defendant; Greher Law Offices, P.C., nonparty-appellant.


Greher Law Offices, P.C., New Windsor, NY (Kathryn M. Lang of counsel),nonparty-appellant pro se.



DECISION & ORDER
In an action for a divorce and ancillary relief, nonparty Greher Law Offices, P.C., appeals from an order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated November 21, 2016. The order, insofar as appealed from, upon the denial of the nonparty's application for an adjournment of its motion for leave to withdraw as counsel for the plaintiff, precluded the nonparty from asserting any lien or collecting any additional legal fees from the plaintiff for services rendered on the plaintiff's behalf in this action.
ORDERED that the appeal is dismissed, without costs or disbursements, except insofar as it brings up for review the denial of the appellant's application for an adjournment (see CPLR 5511); and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
The nonparty law firm (hereinafter the appellant) represented the plaintiff in this action for a divorce and ancillary relief. The appellant moved by order to show cause dated September 8, 2016, for leave to withdraw as counsel for the plaintiff. The Supreme Court ordered personal appearances by the plaintiff and the appellant. At the first appearance on the motion on October 19, 2016, a representative of the appellant appeared, but that representative lacked knowledge of the pertinent issues, and, therefore, the matter was adjourned to November 15, 2016. On November 14, 2016, the Supreme Court received an affirmation of actual engagement indicating that the appellant was scheduled to appear in federal bankruptcy court on November 15, 2016. On November 15, 2016, the plaintiff appeared in court on the appellant's motion, but no representative of the appellant appeared.
In the order appealed from, the Supreme Court noted that, at the appearance on November 15, 2016, it declined to grant the appellant an additional adjournment. The court stated that counsel's affirmation of engagement was not timely submitted, and noted that, pursuant to Part 125 of the Rules of the Chief Administrator of the Courts (22 NYCRR 125.1), matrimonial actions and proceedings are entitled to priority over civil proceedings. Based on the sworn testimony of the plaintiff, given on November 15, 2016, the court found that the attorney-client relationship had deteriorated to the point where the appellant should be discharged as the plaintiff's attorney of [*2]record. The court therefore granted the appellant's motion for leave to withdraw as counsel for the plaintiff. However, based on the plaintiff's testimony, the court further found that the discharge was for cause, and the court, therefore, precluded the appellant from asserting any lien or collecting any additional fees from the plaintiff relating to the services provided on her behalf in the action.
Although no appeal lies from an order entered on the default of the appellant (see CPLR 5511), the appellant may challenge the denial of its application for an adjournment of the motion in its absence since it was the subject of contest before the Supreme Court (see Park Lane N. Owners, Inc. v Gengo, 151 AD3d 874, 875; Adotey v British Airways, PLC, 145 AD3d 748, 749; Matter of Daija K.P. [Danielle P.], 129 AD3d 1087, 1087; Hawes v Lewis, 127 AD3d 921, 922).
The Supreme Court providently exercised its discretion in declining to adjourn the motion (see Park Lane N. Owners, Inc. v Gengo, 151 AD3d at 875; Adotey v British Airways, PLC, 145 AD3d at 749; Hawes v Lewis, 127 AD3d at 922; Matter of Fonvil v Alexandre, 87 AD3d 640, 640). We agree with the court's consideration of the facts that the motion had already been adjourned once due to the failure of the appellant to appear by a representative with knowledge of the pertinent issues on the motion, that the appellant failed to exercise due diligence in seeking an adjournment, and that matrimonial actions are entitled to priority over civil actions, to which the appellant was attending (see 22 NYCRR 125.1[c]).
LEVENTHAL, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court