XVV, Inc., as Assignee of Camara, Mahamadou, Respondent, 
against
Warner Insurance Company, Appellant. 




Gullo & Associates, LLP (Cristina Carollo of counsel), for appellant.
Law Offices of Ilona Finkelshteyn, P.C., for respondent (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Reginald A. Boddie, J.), entered May 31, 2016. The judgment, upon the parties' stipulation, among other things, that plaintiff had established a prima facie case and, insofar as appealed from as limited by the brief, upon the denial of defendant's request for an adjournment of trial, awarded plaintiff the principal sum of $2,484.68.




ORDERED that the judgment, insofar as appealed from, is affirmed, with $25 costs.
Plaintiff commenced this action on May 13, 2014 to recover assigned first-party no-fault benefits pertaining to an accident which had occurred on November 16, 2013. Upon defendant's failure to answer the complaint or appear in the action, the Civil Court granted, on default, plaintiff's motion for the entry of a default judgment. On February 13, 2015, following a motion by defendant to vacate the default, the parties entered into a two-attorney stipulation, which provided, among other things, that the "default judgment" was vacated, that the parties had established their respective prima facie cases, and that "there shall be no further motion practice [and] the case is ready to proceed to trial." On July 22, 2015, the insurer commenced a declaratory judgment action in Supreme Court, New York County, against the present provider and its assignor, among other parties, involving a November 16, 2013 accident. On November 4, 2015, the Civil Court denied defendant's application for an order to show cause seeking to stay the action in the Civil Court "pending the resolution" of the declaratory judgment action. [*2]Defendant applied again for the same relief on January 5, 2016, and the Civil Court (Katherine A. Levine, J.) denied the opposed motion on the ground that defendant and plaintiff had "executed a stipulation . . . agreeing that the matter shall proceed to trial with no further motion practice to be had." At a nonjury trial which followed, the Civil Court (Reginald A. Boddie, J.) was advised of the parties' stipulation and, after oral argument, denied defendant's application for an adjournment. When defendant's attorney stated that defendant was not prepared to proceed, the court granted plaintiff's motion for the entry of a judgment in plaintiff's favor. Defendant appeals from the judgment, which awarded plaintiff the principal sum of $2,484.68, contending on appeal solely that the Civil Court improvidently exercised its discretion in denying defendant's application to adjourn the trial pending a determination by the Supreme Court of defendant's motion for the entry of a declaratory judgment. 
"The grant or denial of a motion for 'an adjournment for any purpose is a matter resting within the sound discretion of the trial court' " (Matter of Steven B., 6 NY3d 888, 889 [2006], quoting Matter of Anthony M., 63 NY2d 270, 283 [1984]; see Dune Deck Owners Corp. v J.J. & P. Assoc. Corp., 85 AD3d 1091 [2011]; Diamond v Diamante, 57 AD3d 826, 827 [2008]). In reviewing a motion for an adjournment, a court must consider all relevant factors, including the merit or lack of merit of the action, the extent of the delay, the number of adjournments granted and the length of the pendency of the proceeding (see Hawes v Lewis, 127 AD3d 921 [2015]; Diamond, 57 AD3d at 827). 
In the case at bar, the parties had settled defendant's motion to vacate the "default judgment" by stipulating, among other things, that there would be no further motion practice. Nonetheless, defendant subsequently moved for a stay in the Civil Court, which motion was denied on the ground that the stipulation barred motion practice. Consequently, as the outcome of the Supreme Court action was unknown at the time defendant sought an adjournment in the Civil Court, and, upon consideration of all the surrounding facts in this case, including the parties' agreement by stipulation, we find that it was not an improvident exercise of discretion for the trial court to deny defendant's request for an adjournment.
Accordingly, the judgment, insofar as appealed from, is affirmed.
ALIOTTA, J.P., PESCE and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 29, 2019