Miglionico v Homeowners' Assn., Inc. (2020 NY Slip Op 03507)





Miglionico v Homeowners' Assn., Inc.


2020 NY Slip Op 03507


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2018-14007
 (Index No. 51682/17)

[*1]Barbara Miglionico, appellant, Arbors
v
Homeowners' Association, Inc., et al., respondents, et al., defendant.


Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Marshall Dennehey Warner Coleman & Goggin, P.C., Rye Brook, NY (Daniel S. Corde of counsel), for respondents Arbors Homeowners' Association, Inc., DHR Management, and Dianne Feinstein, as managing agent.
Craig P. Curcio, Middletown, NY (Tony Semidey of counsel), for respondent Steven Launzinger, doing business as SRL Landscape Construction.
Gallo Vitucci Klar, LLP, New York, NY (Ava Maynard of counsel), for respondents C & K Landscaping & Pools, Inc., and Freddy Gonzalez, as member of C & K Landscaping & Pools, Inc.
Litchfield Cavo LLP, New York, NY (Michael K. Dvorkin of counsel), for respondent Suez Water Westchester, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated October 16, 2018. The order denied the plaintiff's motion for an adjournment of the return date of certain motions and an extension of time to file opposition papers.
ORDERED that the order is affirmed, with costs.
In January 2017, the plaintiff commenced the instant action to recover damages for personal injuries she allegedly sustained on April 13, 2014, when she stepped into a hole in a construction area at the condominium complex where she resides. On July 25, 2018, the defendants C & K Landscaping & Pools, Inc., and Freddy Gonzalez, as member of C & K Landscaping & Pools, Inc., moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. The return date of the motion was August 24, 2018. Thereafter, the defendants Arbors Homeowners' Association, Inc., DHR Management, and Dianne Feinstein, as managing agent, moved for summary judgment dismissing the complaint insofar as asserted against them, the defendant Suez Water Westchester, Inc., moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it, and the defendant Steven Launzinger, doing business as SRL Landscape Construction, moved for summary judgment dismissing the complaint [*2]insofar as asserted against him. All those motions also were made returnable on August 24, 2018.
On August 23, 2018, one day before the return date of the motions, the plaintiff's counsel attempted to get all moving defendants to stipulate to an adjournment of the return date. When that attempt failed, that evening, the plaintiff's counsel submitted a request to the Supreme Court to adjourn the return date of the motions. The court's Compliance Part (hereinafter the CP) denied that request as untimely, as the applicable Differentiated Case Management Protocol Part Rules (hereinafter Part Rules) direct that any request for an adjournment of the return date for a motion for summary judgment be made in writing to the CP "at least two (2) business days prior to the return date" (Westchester Supreme Court, Differentiated Case Management Protocol Part Rules II[D]).
On August 27, 2018, the plaintiff's counsel made a second request to adjourn the return date of the motions. The CP rejected the request on the ground that counsel was required to demonstrate exigent circumstances preventing the request from being timely made pursuant to the Part Rules.
The plaintiff's counsel then moved for an adjournment of the return date of the motions and an extension of time to serve opposition papers to the motions, for the first time offering the excuse that the request for an adjournment of the return date and an extension of time to file opposition papers was necessitated by the sudden death of the mother of the attorney handling the matter while she was preparing the opposition papers. The Supreme Court denied the motion, and the plaintiff appeals.
The granting of an adjournment for any purpose rests within the sound discretion of the Supreme Court (see Matter of Steven B., 6 NY3d 888, 889), and its determination will not be disturbed absent an improvident exercise of that discretion (see Adotey v British Airways, PLC, 145 AD3d 748, 749-750; Diamond v Diamante, 57 AD3d 826, 827). In deciding whether to grant an adjournment, the court must engage in a balanced consideration of numerous relevant factors (see Hawes v Lewis, 127 AD3d 921, 922). It is not an improvident exercise of discretion to deny an adjournment where the need for such a request is based on the movant's failure to exercise due diligence (see Matter of Breaker v ACS-Kings, 129 AD3d 715, 716).
In addition, " [w]hile a court has the discretion to grant an extension of time to file opposition papers, it must be upon a showing of good cause (see CPLR 2004). The delinquent party must offer a valid excuse for the delay'" (Tec-Crete Tr. Mix Corp. v Great Am. Ins. Co. of N.Y., 167 AD3d 806, 807, quoting Adotey v British Airways, PLC, 145 AD3d at 750; see Kubicsko v Westchester County Elec., Inc., 116 AD3d 737, 739).
Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's request for an adjournment of the return date and an extension of time to file opposition papers. The plaintiff did not make an adequate showing of good cause because she did not offer a valid excuse for the extension (see Adotey v British Airways, PLC, 145 AD3d at 750; Kubicsko v Westchester County Elec., Inc., 116 AD3d at 739; Mosheyeva v Distefano, 288 AD2d 448, 449), and the record reflects that the need for an adjournment resulted from a lack of due diligence on her part (see generally Matter of Breaker v ACS-Kings, 129 AD3d at 716).
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court