Vassiliou-Sideris v Nautilus, Inc. (2020 NY Slip Op 05254)





Vassiliou-Sideris v Nautilus, Inc.


2020 NY Slip Op 05254


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-12457
 (Index No. 8319/13)

[*1]Frances Vassiliou-Sideris, et al., appellants,
v
Nautilus, Inc., et al., respondents.


The Law Offices of Costas M. Eliades, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellants.
Camacho Mauro Mulholland, LLP, New York, NY (Christopher C. Mauro of counsel), for respondents Nautilus, Inc., Schwinn Fitness, Schwinn Bicycle Company, Pacific Cycle, Inc., and Dorel Industries.
Martin Clearwater & Bell LLP, New York, NY (Gregory A. Cascino of counsel), for respondents New York University Medical Center, New York University Langone Medical Center, Rusk Institute of Rehabilitation Medicine, The Joan and Joel Smilow Cardiac Rehabilitation and Prevention Center of the Rusk Institute of Rehabilitation Medicine, Harmony R. Reynolds, Jonathan H. Whiteson, Mariano J. Rey, and Daniel C. Fisher.



DECISION & ORDER
In a consolidated action, inter alia, to recover damages for medical malpractice, products liability, and negligence, the plaintiffs appeal from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered October 5, 2017. The order, upon the denial of the plaintiffs' request for an adjournment, granted the unopposed motion of the defendants New York University Medical Center, New York University Langone Medical Center, Rusk Institute of Rehabilitation Medicine, the Joan and Joel Smilow Cardiac Rehabilitation and Prevention Center of the Rusk Institute of Rehabilitation Medicine, Harmony R. Reynolds, Jonathan H. Whiteson, Mariano J. Rey, and Daniel C. Fisher, and the separate unopposed motion of the defendants Nautilus, Inc., Schwinn Fitness, Schwinn Bicycle Company, Pacific Cycle, Inc., and Dorel Industries for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the appeal is dismissed except insofar as it brings up for review the denial of the appellants' request for an adjournment (see CPLR 5511; Katz v Katz, 68 AD2d 536, 540-542); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
On August 7, 2012, the plaintiffs commenced an action, inter alia, to recover damages [*2]for medical malpractice against the defendants New York University Medical Center, New York University Langone Medical Center, Rusk Institute of Rehabilitation Medicine, the Joan and Joel Smilow Cardiac Rehabilitation and Prevention Center of the Rusk Institute of Rehabilitation Medicine, Harmony R. Reynolds, Jonathan H. Whiteson, Mariano J. Rey, and Daniel C. Fisher (hereinafter collectively the NYU defendants). The plaintiffs alleged, among other things, that the plaintiff Frances Vassiliou-Sideris (hereinafter the injured plaintiff) fell off a stationary bicycle while undergoing cardiac-related physical therapy at a facility associated with the NYU defendants and sustained severe physical injuries. Thereafter, the plaintiffs commenced a separate action against the defendants Nautilus, Inc., Schwinn Fitness, Schwinn Bicycle Company, Pacific Cycle, Inc., and Dorel Industries (hereinafter collectively the Nautilus defendants) and the NYU defendants sounding in, inter alia, products liability, alleging negligent design, manufacture, and distribution of the "Airdyne" bicycle from which the injured plaintiff fell. The actions were subsequently consolidated.
By notice of motion dated February 28, 2017, following the completion of discovery, the NYU defendants moved for summary judgment dismissing the complaint insofar as asserted against them. By notice of motion dated March 29, 2017, the Nautilus defendants separately moved for summary judgment dismissing the complaint insofar as asserted against them. Following four adjournments at the request of the plaintiffs for the purpose of submitting opposition papers to the defendants' motions, the Supreme Court directed that the plaintiffs submit their opposition papers no later than August 16, 2017, with a final return date of September 6, 2017. The plaintiffs did not submit their opposition papers until after the court-ordered deadline and the defendants, upon rejecting the late submission, asked the court on the final return date to grant their motions as unopposed. After rejecting the plaintiffs' request for an additional adjournment and their proffered excuse for the late submission of opposition papers, which was purportedly based upon the plaintiffs' expert cardiologist's failure to execute his affidavit until after the August 16, 2017, deadline because he was away on vacation and had other professional obligations, the court, by order entered October 5, 2017, granted the defendants' separate motions as unopposed. The plaintiffs appeal, and we affirm.
The order was, in effect, entered upon the plaintiffs' default and they did not move to vacate their default. Pursuant to CPLR 5511, no appeal lies from an order or judgment granted upon the default of the appealing party. Under these circumstances, review on this appeal is limited to whether the denial of the plaintiffs' request for an additional adjournment was a provident exercise of discretion (see Adotey v British Airways, PLC, 145 AD3d 748; Hawes v Lewis, 127 AD3d 921; Diamond v Diamante, 57 AD3d 826).
The granting of an adjournment for any purpose rests within the sound discretion of the Supreme Court (see Matter of Steven B., 6 NY3d 888, 889), and its determination will not be disturbed absent an improvident exercise of that discretion (see Adotey v British Airways, PLC, 145 AD3d at 749-750; Diamond v Diamante, 57 AD3d at 827). Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying the plaintiffs' request for an additional adjournment of the return date and an extension of time to file opposition papers. The plaintiffs did not make an adequate showing of good cause, as they did not offer a valid excuse for the extension (see CPLR 2004; Kubicsko v Westchester County Elec., Inc., 116 AD3d 737, 739; Mosheyeva v Distefano, 288 AD2d 448, 449), and the record reflects that the need for an adjournment resulted from a lack of due diligence on the plaintiffs' part (see Matter of Breaker v ACS-Kings, 129 AD3d 715, 716).
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court