U.S. Bank N.A. v Sokolof (2022 NY Slip Op 00330)





U.S. Bank N.A. v Sokolof


2022 NY Slip Op 00330


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-06082 
2018-06084
 (Index No. 61954/15)

[*1]U.S. Bank National Association, etc., respondent,
v
Myles Sokolof, appellant, et al., defendant.


Myles Sokolof, Pleasantville, NY, appellant pro se.
Davidson Fink LLP, Rochester, NY (Richard N. Franco of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Myles Sokolof appeals from two orders of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), both dated March 8, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer, and for an order of reference, and, in effect, denied that defendant's application for an adjournment and extension of time to submit opposition papers. The second order, insofar as appealed from, granted the same relief to the plaintiff, in effect, denied the same relief to the defendant, and appointed a referee to ascertain and compute the amount due and owing to the plaintiff.
ORDERED that the notice of appeal from so much of the orders as, in effect, denied the application of the defendant Myles Sokolof for an adjournment and extension of time to submit opposition papers is treated as an application for leave to appeal from those portions of the orders, and leave to appeal from those portions of the orders is granted (see CPLR 5701[c]); and it is further,
ORDERED that the orders are reversed insofar as appealed from, on the law and in the exercise of discretion, with one bill of costs, the defendant's application for an adjournment and extension of time to submit opposition papers is granted, and the matter is remitted to the Supreme Court, Westchester County, to establish a schedule for the submission of opposition and reply papers, and thereafter, for a new determination of those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Myles Sokolof, to strike his answer, and for an order of reference.
The plaintiff commenced this action to foreclose a mortgage on real property located in Pleasantville. The defendant Myles Sokolof (hereinafter the defendant), through counsel, answered the complaint. The plaintiff thereafter moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. A copy of the motion was mailed to the attorney who had filed an answer on the defendant's behalf.
On the return date of the motion, the defendant, pro se, submitted a form "affidavit in opposition," on which he indicated that he did not have counsel and had not previously been aware of the proceedings that would occur that day. He requested an adjournment to retain counsel in order [*2]to submit papers in opposition to the plaintiff's motion. By order dated March 8, 2018, the Supreme Court, in effect, denied that application, and, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. By order of the same date, the court granted the same relief to the plaintiff, in effect, denied the same relief to the defendant, and referred the matter to a referee to ascertain and compute the amount due and owing to the plaintiff. The defendant appeals from both orders.
The granting of an adjournment for any purpose rests within the sound discretion of the Supreme Court (see Matter of Steven B., 6 NY3d 888, 889; Miglionico v Homeowners' Assn., Inc., 184 AD3d 818, 819). Further, the court has the discretion to grant an extension of time to file opposition papers "upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed" (CPLR 2004; see Leader v Steinway, Inc., 186 AD3d 1207, 1209). "In exercising its discretion, a court may consider such factors as the length of the delay, the reason or excuse for the delay, and any prejudice to the party opposing the motion" (Kim & Bae, P.C. v Sunki Lee, 173 AD3d 990, 992; see Tewari v Tsoutsouras, 75 NY2d 1, 12).
Here, the Supreme Court improvidently exercised its discretion in denying the defendant's application for an adjournment and an extension of time to submit opposition papers. The application was made promptly on the return date of the motion, and was occasioned by the defendant's prior unawareness of the motion, which had been sent to his former counsel, and the need to retain new counsel. Further, the plaintiff was not prejudiced by the short delay. Under these circumstances, the defendant's application for an adjournment and extension of time to submit opposition papers should have been granted.
DUFFY, J.P., IANNACCI, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court