Palmer v Cadman Plaza N., Inc. (2023 NY Slip Op 01901)

Palmer v Cadman Plaza N., Inc.

2023 NY Slip Op 01901

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2020-02338
 (Index No. 22701/11)

[*1]Arthur Palmer, appellant,
v
Cadman Plaza North, Inc., et al., respondents.

Anthony C. Ofodile, Brooklyn, NY, for appellant.
Kagan Lubic Lepper Finkelstein & Gold, LLP, New York, NY (Rosalie Valentino of counsel), for respondents Cadman Plaza North, Inc., and Board of Directors of Brooklyn North, Inc.
Boyd Richards Parker Colonnelli, New York, NY (Bryan Mazzola and Russell Edwards of counsel), for respondents Wentworth Property Management and Steven Hyatt.

DECISION & ORDER
In an action, inter alia, for injunctive relief and to recover damages for housing discrimination on the basis of race in violation of, among other things, the Fair Housing Act (42 USC § 3601 et seq.), the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated December 11, 2019. The order, upon the denial of the plaintiff's request for an adjournment, granted the unopposed motion of the defendants Cadman Plaza North, Inc., and Board of Directors of Brooklyn North, Inc., and the separate unopposed motion of the defendants Wentworth Property Management and Steven Hyatt, for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the appeal is dismissed except insofar as it brings up for review the denial of the plaintiff's request for an adjournment (see CPLR 5511; Katz v Katz, 68 AD2d 536, 540-542); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
In 2011, the plaintiff commenced this action, inter alia, for injunctive relief and to recover damages against the defendants, Cadman Plaza North, Inc. (hereinafter Cadman), the Board of Directors of Brooklyn North, Inc. (hereinafter the Board), Wentworth Property Management (hereinafter Wentworth), and Steven Hyatt. The plaintiff alleged, among other things, that the defendants violated the Fair Housing Act by discriminating against him on the basis of race in relation to the sale of an apartment unit within a cooperative building subject to the Mitchell-Lama program. By notice of motion dated January 15, 2019, Cadman and the Board moved for summary judgment dismissing the complaint insofar as asserted against them. By notice of motion also dated January 15, 2019, Wentworth and Hyatt similarly moved for summary judgment dismissing the [*2]complaint insofar as asserted against them.
Following at least one administrative adjournment, the Supreme Court granted three adjournment applications made by the plaintiff to secure more time to serve his opposition papers, with the consent of the defendants. The first adjournment moved the return date of the motion from April 24, 2019, to July 17, 2019, and the second adjournment moved the return date of the motion to September 25, 2019. On that date, the plaintiff requested yet another adjournment, upon the defendants' consent, and the court issued an order, inter alia, requiring the plaintiff to serve his opposition papers by October 11, 2019, while setting December 11, 2019, as the new return date. The plaintiff failed to serve his opposition papers in compliance with that order.
On December 11, 2019, the plaintiff requested a fourth adjournment of the return date and another extension of time to file opposition papers. In an order issued on that date, the Supreme Court denied the plaintiff's request, marked the defendants' motions submitted without opposition, and granted both motions. The plaintiff appeals.
Where, as here, the order appealed from was made upon the appellant's default, "review is limited to matters which were the subject of contest below" (Hawes v Lewis, 127 AD3d 921, 922 [internal quotation marks omitted]; see Adotey v British Airways, PLC, 145 AD3d 748, 749). Accordingly, in this case, review is limited to the Supreme Court's denial of the plaintiff's request for an additional adjournment (see Vassiliou-Sideris v Nautilus, Inc., 186 AD3d 1756, 1758; Adotey v British Airways, PLC, 145 AD3d at 749; Hawes v Lewis, 127 AD3d at 922).
"The granting of an adjournment for any purpose rests within the sound discretion of the Supreme Court, and its determination will not be disturbed absent an improvident exercise of that discretion" (Selene Fin., L.P. v Firshing, 203 AD3d 861, 863 [internal quotation marks omitted]). "Further, the court has the discretion to grant an extension of time to file opposition papers upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed" (U.S. Bank N.A. v Sokolof, 201 AD3d 839, 840-841 [internal quotation marks omitted]). "In deciding whether to grant an adjournment, the court must engage in a balanced consideration of numerous relevant factors" (Miglionico v Homeowners' Assn., Inc., 184 AD3d 818, 820), "such . . . as the length of the delay, the reason or excuse for the delay, and any prejudice to the party opposing the motion" (U.S. Bank N.A. v Sokolof, 201 AD3d at 841 [internal quotation marks omitted]). "It is not an improvident exercise of discretion to deny an adjournment where the need for such a request is based on the movant's failure to exercise due diligence" (Miglionico v Homeowners' Assn., Inc., 184 AD3d at 820).
Here, the Supreme Court providently exercised its discretion in denying the plaintiff's request for an additional adjournment of the return date and an extension of time to file opposition papers. The plaintiff did not make an adequate showing of good cause, as he did not offer a valid excuse for the extension and the record reflects that the need for an adjournment resulted from a lack of due diligence on the plaintiff's part (see Vassiliou-Sideris v Nautilus, Inc., 186 AD3d at 1756; Miglionico v Homeowners' Assn., Inc., 184 AD3d at 820; Leader v Steinway, Inc., 186 AD3d 1207, 1209). Moreover, contrary to the plaintiff's contention, the language of the court's order dated September 25, 2019, did not, in effect, entitle him to another adjournment.
BRATHWAITE NELSON, J.P., RIVERA, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court