██ BEKIM SUKALIC, Appellant, v IZAK OZONE et al., Respondents. [26 NYS3d 188]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Saitta, J.), dated June 12, 2014, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the plaintiff's left shoulder did not constitute serious injuries under the permanent consequential limitation of use or significant limitation of use

categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's examining physician, William J. Kulak, failed to raise a triable issue of fact as to whether the plaintiff sustained a serious injury under the permanent consequential limitation of use category of Insurance Law § 5102 (d) since Kulak failed to set forth any objective medical findings from a recent examination (*see Griffiths v Munoz*, 98 AD3d 997, 998 [2012]; *Lively v Fernandez*, 85 AD3d 981, 982 [2011]). Moreover, the plaintiff failed to raise a triable issue of fact under the significant limitation of use category of Insurance Law § 5102 (d), as he did not submit any competent medical evidence containing either a qualitative or a quantitative assessment of his condition made contemporaneously with the subject accident (*see Perl v Meher*, 18 NY3d 208, 217-218 [2011]; *Griffiths v Munoz*, 98 AD3d at 999; *cf. Estrella v GEICO Ins. Co.*, 102 AD3d 730, 731-732 [2013]).

Furthermore, the Supreme Court properly declined to consider the affirmed report of Dr. Pauline Raites, which was improperly submitted by the plaintiff for the first time in a surreply (*see Mu Ying Zhu v Zhi Rong Lin*, 1 AD3d 416, 417 [2003]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Leventhal, J.P., Austin, Roman, Miller and Barros, JJ., concur.