■ YURIY KISILETSKIY, Appellant, v CARMEN PENA et al., Respondents. [59 NYS3d 799]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (D. Hart, J.), entered March 5, 2015, which denied his motion pursuant to CPLR 5015 (a) to vacate an order of the same court dated August 10, 2012, granting the defendants' unopposed motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order entered March 5, 2015, is affirmed, with costs.

In November 2010, the plaintiff commenced this action to recover damages for personal injuries allegedly sustained by him in a motor vehicle accident. By notice of motion dated March 26, 2012, the defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. During oral argument on the motion, the plaintiff's counsel requested an adjournment of the motion for the purpose of submitting opposition papers, and the Supreme Court denied the request. In an order dated August 10, 2012, the court granted the defendants' unopposed motion for summary judgment dismissing the complaint. In August 2014, the plaintiff moved pursuant to CPLR 5015 (a) to vacate the order granting summary judgment. In the order appealed from, the court denied the plaintiff's motion to vacate. The plaintiff appeals.

In seeking to vacate the order dated August 10, 2012, the plaintiff was required to demonstrate both a reasonable excuse for his default in opposing the defendants' motion for summary judgment and a potentially meritorious opposition to the motion (*see* CPLR 5015 [a] [1]; *Santos v Penske Truck Leasing Co.*, 105 AD3d 1029 [2013]; *Political Mktg., Int'l, Inc. v Jaliman*, 67 AD3d 661, 661-662 [2009]). "A motion to vacate a default is addressed to the sound discretion of the court" (*Vujanic v Petrovic*, 103 AD3d 791, 792 [2013]).

The plaintiff did not demonstrate a reasonable excuse for his default. In effect, his counsel asserted law office failure. However, the alleged law office failure pertained to a matter unrelated to the plaintiff's failure to submit opposition papers to the defendants' motion for summary judgment. Since the plaintiff failed to demonstrate a reasonable excuse for his default, it is unnecessary to determine whether he demonstrated a potentially meritorious opposition to the defendants' motion (*see Onishenko v Ntansah*, 145 AD3d 910, 912 [2016]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the plaintiff's motion to vacate the order dated August 10, 2012. Mastro, J.P., Hall, Cohen and Iannacci, JJ., concur.