Colin L. Anderson, Appellant,
against
Cecil R. Beckford, Respondent.




Mitchell Dranow, Esq., for appellant.
Richard T. Lau & Associates (Marcella G. Crewe, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Jodi Orlow, J.), entered May 25, 2016. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, without costs.
In this action to recover for personal injuries allegedly sustained in a motor vehicle accident, plaintiff appeals from an order of the Civil Court which granted defendant's motion for summary judgment dismissing the complaint.
Plaintiff raises no issue with the Civil Court's determination that defendant met his prima facie burden of showing that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident at issue (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). Upon a review of the record before us, we find that plaintiff's submissions were insufficient to raise a triable issue of fact with respect to the permanent consequential limitation of use (see Abreu v Metropolitan Transp. Auth., 117 AD3d 972 [2014]) and significant limitation of use (see Sukalic v Ozone, 136 AD3d 1018 [2016]) categories of serious injury. Moreover, neither plaintiff nor his neurologist proffered evidence demonstrating that plaintiff sustained "a medically determined injury or impairment of a non-permanent nature which had prevent[ed] [plaintiff] from performing substantially all of the material acts which constitute [plaintiff's] usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of [*2]the injury or impairment" (Insurance Law § 5102 [d]).
Accordingly, the order is affirmed.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 09, 2018