Laurent v Belony (2021 NY Slip Op 02145)





Laurent v Belony


2021 NY Slip Op 02145


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-09760 
2018-01065
 (Index No. 3611/13)

[*1]Herriot Laurent, et al., appellants, 
v
Aldo Belony, et al., defendants, Tully Construction Co., Inc., et al., respondents.


Sacco & Fillas, LLP, Astoria, NY (James R. Baez of counsel), for appellants.
Fabiani Cohen & Hall, LLP (Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY [Christopher Simone and Jeremy S. Rosof], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Debra Silber, J.), dated August 3, 2017, and (2) an order of the same court dated December 18, 2017. The order dated August 3, 2017, insofar as appealed from, granted that branch of the unopposed motion of the defendants Tully Construction Co., Inc., and City of New York which was for summary judgment dismissing the complaint insofar as asserted against them. The order dated December 18, 2017, denied the plaintiffs' motion, in effect, pursuant to CPLR 5015(a)(1) to vacate so much of the order dated August 3, 2017, as granted that branch of the unopposed motion of the defendants Tully Construction Co., Inc., and City of New York which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the appeal from the order dated August 3, 2017, is dismissed, as no appeal lies from an order entered upon the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that the order dated December 18, 2017, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants Tully Construction Co., Inc., and City of New York.
In February 2013, the plaintiffs commenced this action against, among others, the defendants Tully Construction Co., Inc., and City of New York (hereinafter together the defendants), inter alia, to recover damages for personal injuries allegedly sustained by the plaintiff Herriot Laurent in a motor vehicle accident. Following the completion of discovery, the defendants moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated August 3, 2017, the Supreme Court, inter alia, granted that branch of the defendants' unopposed motion which was for summary judgment dismissing the complaint insofar as asserted against them. Thereafter, the plaintiffs moved, in effect, pursuant to CPLR 5015(a)(1) to vacate so much of the order dated August 3, 2017, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. In an order dated [*2]December 18, 2017, the court denied the plaintiffs' motion, and the plaintiffs appeal.
"A party seeking to vacate an order entered upon its default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Wells Fargo Bank, N.A. v Syed, 160 AD3d 914, 915; see CPLR 5015[a][1]; Finamore v David Ullman, P.C., 179 AD3d 642, 643; Ki Tae Kim v Bishop, 156 AD3d 776, 777).
Under the circumstances of this case, the plaintiffs' undetailed and conclusory explanation of their expert's delay in providing an expert affidavit necessary to oppose the defendants' motion did not constitute a reasonable excuse for their default (see Harrison v Toyloy, 174 AD3d 579, 580; Jin Chengri v Su Yonh Choi, 153 AD3d 911, 912). Since the plaintiffs failed to establish a reasonable excuse for their default, it is unnecessary to determine whether they had a potentially meritorious opposition to the defendants' motion (see Servilus v Walcott, 148 AD3d 743, 744; New Century Mtge. Corp. v Chimmiri, 146 AD3d 893).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion, in effect, pursuant to CPLR 5015(a)(1).
DILLON, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court