Edwards-Mohammed v Brown (2022 NY Slip Op 02780)

Edwards-Mohammed v Brown

2022 NY Slip Op 02780

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.

2019-09503
 (Index No. 600098/17)

[*1]Aneta Edwards-Mohammed, et al., appellants,
v
Donella Brown, respondent.

Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for appellants.
Dodge & Monroy, P.C., Lake Success, NY (Mark T. Scopinich of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated August 5, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff Aneta Edwards-Mohammed did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff Aneta Edwards-Mohammed (hereinafter the injured plaintiff), and her husband suing derivatively, commenced this action to recover damages for personal injuries allegedly sustained by the injured plaintiff in a motor vehicle accident. The defendant moved for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated August 5, 2019, the Supreme Court granted the defendant's motion, and the plaintiffs appeal.
The defendant met her prima facie burden of showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical region of the injured plaintiff's spine and the injured plaintiff's left shoulder were not caused by the accident (see generally Jilani v Palmer, 83 AD3d 786, 787). In opposition, the plaintiffs failed to raise a triable issue of fact (see Sukalic v Ozone, 136 AD3d 1018, 1019; Griffiths v Munoz, 98 AD3d 997, 999). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
BARROS, J.P., RIVERA, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court