Jackson v 965 Greene Holding Corp. (2024 NY Slip Op 51600(U))

[*1]

Jackson v 965 Greene Holding Corp.

2024 NY Slip Op 51600(U)

Decided on November 21, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 21, 2024
Supreme Court, Kings County

Gregory Jackson & Kendrick Jackson, Plaintiffs,

against
965 Greene Holding Corp., BANK OF NEW YORK MELLON, 
 AS COLLATERAL AGENT AND CUSTODIAN FOR THE NYCTL-A TRUST, Defendant.

Index No. 511641/2023

Wenig Saltiel LLP, New York City (Meryl L. Wenig of counsel), for plaintiffs.
Law Office of Henry Graham P.C., Greenvale (Nancy Tang of counsel), for defendant 965 Greene Holding Corp.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Nos. 82-95.
Upon the foregoing papers, having heard oral argument, and due deliberation having [*2]been had, the within motion is determined as hereinafter set forth.[FN1]

This is an action which was commenced, inter alia, to declare that the filing of the 2015 deed from Frank Foderingham to Defendant 965 Greene Holding Corp. ("Defendant") was fraudulent and that the City Register void it, i.e., that Plaintiffs are the lawful owners of the subject real property, including the residential building thereon, located at 965 Greene Avenue, Brooklyn, New York said premises being identified as Block 1617, Lot 56 in Kings County).[FN2]

Presently before the Court today was a motion by Plaintiffs, brought on by order to show cause, seeking the following relief:
i) Granting Plaintiffs Gregory Jackson and Kendrick Jackson ("Plaintiffs") judgment of possession of the Premises directing the Sheriff of Kings County to remove all occupants from the Premises; and
ii) Granting Plaintiffs a writ of possession pursuant to RPAPL §221 directing that the Sheriff of Kings County forthwith remove all occupants from the Premises, and place Plaintiffs in possession thereof and that Plaintiffs have execution thereon forthwith; and
iii) That Defendant and all persons claiming possession or any right to possession under, by or through the Defendant are excluded from possession of said Premises; and
iv) For such other relief as this Court deems just under the circumstances. (NYSCEF Doc No. 93)
The order to show cause bringing on the motion was signed on October 8, 2024 and filed on NYSCEF on October 9th, the next day. It was served on John Doe and Jane Doe by mail, addressed to them at the premises address, as evidenced by the affidavit of service (see NYSCEF Doc No. 95).
Today, November 21, 2024, during the oral argument hearing, Nancy Tang, of counsel to Defendant's counsel, made an oral application for an adjournment. She stated that she was electronically retained by a "third-party contracting company" which provides per diem attorneys to make court appearances. She received the case yesterday at 1:49 p.m. She tried to contact Defendant's counsel, but was unsuccessful, at one point seeing "Permanently Closed" on the Internet when a search was made for Defendant's counsel. Her instructions from the third-party company were to seek an adjournment as this was "the first time one." At no point did she speak yesterday or today to Defendant's counsel. She requested that Defendant's counsel have time to submit a response to the motion, even though she did not know personally whether Defendant's counsel wanted an opportunity to do so.
This Court now assesses the application by Ms. Tang for an adjournment and an opportunity for Defendant's counsel to put in opposition papers.
This Court has explicit provisions in its Rules concerning adjournments. Contained in [*3]Subpart D of Part II of IAS Part 2's Rules, they provide:
§ 1. Standards and procedures for seeking adjournments. All adjournments are at the discretion of the Court. A request for an adjournment shall be made through a stipulation or, if consent is not received from other counsel, through an application. Stipulations of adjournment and applications for adjournment shall be submitted through NYSCEF, with a copy sent by email to the Part Clerk and the law clerks. In a paper-filed case, stipulations of adjournment and applications for adjournment shall be filed with the Court at Motion Support, Room 227, at 360 Adams Street (with a copy served upon all other counsel or self-represented parties), and a copy shall be emailed to the Part Clerk and the law clerks. The deadline for filing such stipulations of adjournments and applications for adjournments shall be 5:00 p.m. of the third court business day prior to the scheduled motion date. (See Shmerelzon v Gravesend Mgt., Inc., 80 Misc 3d 1233[A], 2023 NY Slip Op 51155[U)] [Sup Ct, Kings County 2023].)
§ 2. Late requests for adjournments. If an application for adjournment or stipulation of adjournment has not been submitted in the foregoing manner, and counsel still wishes to apply for an adjournment, application shall be made only in person on the scheduled motion date when the motion is called. Since adjournment is at the Court's discretion, counsel shall be prepared to orally argue the motion if the adjournment application is denied.
§ 3. Contents of applications for adjournments and stipulations of adjournment. Applications for adjournments and stipulations of adjournment must include all of the following:
a. complete caption (including any third-party actions),
b. Motion Sequence Number(s) and relief sought,
c. motion calendar date,
d. identify party seeking the adjournment and said party's good-cause reason therefor,
e. details of any prior adjournments of the motion, and
f. details of future motion calendar dates with Motion Sequence No. and relief sought for other sequenced motions in the case.
Adjournments will be to the next available date convenient to the Court. Therefore, any reference to a date in a stipulation or adjournment application has no binding effect.
§ 4. Inquiries regarding stipulations of adjournment. Counsel are not to assume that an application for adjournment or a stipulation of adjournment will be approved. Inquiries as to whether an application for adjournment or a stipulation of adjournment has been approved shall be made to the Part Clerk per the rules for contacting the Court set forth herein, if counsel has not yet received a response or seen one on NYSCEF.
(https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml.)
As was stated previously by this Court:
"The granting of an adjournment for any purpose rests within the sound discretion of the Supreme Court (see Matter of Steven B., 6 NY3d 888, 889 [2006]; Miglionico v Homeowners' Assn., Inc., 184 AD3d 818, 819 [2020]). Further, the court has the discretion to grant an extension of time to file opposition papers 'upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed' (CPLR 2004; see Leader v Steinway, Inc., 186 AD3d 1207, 1209 [2020]). 'In exercising its discretion, a court may consider such factors [*4]as the length of the delay, the reason or excuse for the delay, and any prejudice to the party opposing the motion' (Kim & Bae, P.C. v Sunki Lee, 173 AD3d 990, 992 [2019]; see Tewari v Tsoutsouras, 75 NY2d 1, 12 [1989])." (U.S. Bank v Sokolof, 201 AD3d 839, 840-841 [2d Dept 2022].
"It is not an improvident exercise of discretion to deny an adjournment where the need for such a request is based on the movant's failure to exercise due diligence (see Matter of Breaker v ACS-Kings, 129 AD3d 715, 716 [2015]). [¶] In addition, ' "[w]hile a court has the discretion to grant an extension of time to file opposition papers, it must be upon a showing of good cause (see CPLR 2004). The delinquent party must offer a valid excuse for the delay" ' (Tec-Crete Tr. Mix Corp. v Great Am. Ins. Co. of NY, 167 AD3d 806, 807 [2018], quoting Adotey v British Airways, PLC, 145 AD3d at 750; see Kubicsko v Westchester County Elec., Inc., 116 AD3d 737, 739 [2014])." (Miglionico v Homeowners' Assn., Inc., 184 AD3d 818, 820 [2d Dept 2020].)
"The Supreme Court providently exercised its discretion in refusing to consider the late submission of the affirmation of the orthopedic surgeon, submitted after the motion had been adjourned four times at the plaintiffs' request, and marked final" (O'Neil v GEICO, 30 AD3d 390 [2d Dept 2006].
. . .
There is no automatic right to a stipulated adjournment of a motion: "Stipulations of adjournment of the return date made by the parties shall be in writing and shall be submitted to the assigned judge. Such stipulation shall be effective unless the court otherwise directs." (22 NYCRR 202.8 [d] [emphasis added].)
. . .
The purpose of the Individual Assignment System (IAS) is "to give trial judges greater control over their cases and to move cases to disposition more expeditiously" (Basetti v Nour, 287 AD2d 126, 134 [2d Dept 2001]). The orderly disposition of cases is important for the efficient operation of our judicial system (see id. at 134). Moreover, compliance with individual part rules is necessary to implement these policy goals. This Court reviews motions in advance of the date for oral argument (see Matter of Court's Discharge of Its Responsibilities Pursuant to 22 NYCRR § 100.3 (D) (2), (3),  Misc 3d , 2023 NY Slip Op 23258, *1 [Sup Ct, Kings County 2023]). The purpose for this Court's rules governing adjournments is to avoid wasting this Court's time in reviewing motions in advance when they will not be heard due to an adjournment. If an adjournment is sought, the reason for it must be disclosed so that the Court can determinate whether to prepare a review of the motion. The failure to disclose the reason for an adjournment frustrates the Court's preparation. Here, not only did the failure to inform the Court of the reason for a requested adjournment frustrate the efficient preparation for considering the motion, it displayed a cavalier attitude toward the Court's organized procedures. (Wade v Khadka, 80 Misc 3d 1222[A], 
2023 NY Slip Op 51058[U], *3-4.)[FN3]
The Court may reject an insufficiently detailed excuse for not filing opposition papers timely (e.g. Laurent v Belony, 193 AD3d 712 [2d Dept 2021] [plaintiffs' undetailed and conclusory explanation of their expert's delay in providing an expert affidavit necessary to oppose the defendants' motion]; Harrison v Toyloy, 174 AD3d 579 [2d Dept 2019] [plaintiff's attorney failed to identify the expert by name and did not provide any details concerning purported "reasonable efforts" to contact the expert]; Kisiletskiy v Pena, 153 AD3d 800 [2d Dept 2017] [motion made March 26, 2012, court denied unopposed motion on Aug. 10, 2012]).
A trial court possesses the right to enforce the rules governing practice and procedure before it (e.g. Anuchina v Marine Transp. Logistics, Inc., 216 AD3d 1126 [2d Dept 2023] [motion relating to disclosure must be accompanied by moving counsel's affirmation attesting to having conferred with opposing counsel in good faith effort to resolve issues]; McGee v Putnam County Assistant Dist. Attorney David M. Bishop, 192 AD3d 1446 [3d Dept 2021] [memorandum of law page limit]; Hornsby v Cathedral Parkway Apts. Corp., 179 AD3d 584 [1st Dept 2020] [affirmation page limit]; Basie v Wiggs, 173 AD3d 1127 [2d Dept 2019] [Matrimonial Part rules]; Appleyard v Tigges, 171 AD3d 534 [1st Dept 2019] [60-day summary judgment motion deadline]; Shah v RBC Capital Mkts. LLC, 115 AD3d 444 [1st Dept 2014] [all outstanding discovery matters to be raised at compliance conferences]; Biscone v Jetblue Airways Corp., 103 AD3d 158 [2d Dept 2012] [provide working copies of electronically-filed documents]; Maddus v Bowman, 12 AD2d 626 [2d Dept 1960] [Statement of Readiness Rule requiring plaintiff to furnish authorization to obtain hospital records]; Shmerelzon v Gravesend Mgt., Inc., 80 Misc 3d 1233[A], 2023 NY Slip Op 51155[U] [Sup Ct, Kings County 2023] [adjournment requests must contain specified data and be submitted three days in advance]; Wade v Khadka, 80 Misc 3d 1222[A], 2023 NY Slip Op 51058[U] [Sup Ct, Kings County 2023] [identify party seeking adjournment and good cause reason]; Brick&Mortar LLC v Momo Sushi Inc., 79 Misc 3d 1239[A], 2023 NY Slip Op 50838[U] [Sup Ct, Kings County 2023] [submission of referenced electronically-filed documents as exhibits to motion papers]; Stipa Sprecase v Tenreiro, 2023 WL 3972435 [Sup Ct, NY County 2023] [motions to reargue or renew be made by order to show cause]; Latorre v Rahman, 2022 NY Slip Op 32044[U] [Sup Ct, NY County 2022] [no motions allowed until conference is held]; Bedingfield v Dairymade Farms, Inc., 46 [*5]Misc 2d 146, 148 [Sup Ct, Suffolk County 1965] [rule requiring statement of readiness be filed with note of issue "is consistent with the inherent power of the Court to control its business"]; Scully v Jefferson Truck Renting Corp., 43 Misc 2d 48 [Sup Ct, Kings County 1964] [statement of readiness be filed with note of issue]; cf. Crawford v Liz Claiborne, Inc., 11 NY3d 810 [2008] [IAS Part rule not in effect when preliminary conference order issued, resulting in application of Local Rules]). "[I]t is within the court's inherent and statutory power to control the order of its business, and to so conduct its business as to safeguard the rights of all litigants, to preclude unfair procedural advantage to any party, and to prevent needless disruption of orderly court procedures" (Maddaud v Bowman, 12 AD2d 626, 626 [2d Dept 1960]).
Taking into account the circumstances underlying counsel's oral application today for an adjournment, it is denied. First, there was no prior written stipulation or application to adjourn submitted in accordance with IAS Part 2 Rules and no excuse offered for not submitting one. Second, there was no explanation from Ms. Tang, per diem counsel, as to why papers in opposition could not have been submitted by Defendant until now. Third, per diem counsel had not spoken with Defendant's counsel so she did not receive explicit instructions from him with respect to this motion; her only contact was with the "third-party contracting company." Fourth, this Court perceives ethical issues with respect to a per diem attorney seeking relief based on instructions from a third party (who may not have even been an attorney) without having spoken to and consulted with the attorney or record. Fifth, Defendant's counsel of record is actively dealing with matters regarding this case inasmuch as he recently (November 15, 2024) wrote to the Appellate Division, Second Department, seeking an extension of time to perfect an appeal from this Court's March 21, 2024 order. Evidently, counsel is not "permanently closed." Sixth, this Court has already prepared for the oral argument by reviewing the filed papers. Further delay would necessitate this Court having to review the papers all over again, resulting in a waste of judicial resources. Seventh, the Court's prior dispositions on motions yields that Defendant would be unlikely to succeed on the merits. Eighth, per Plaintiff's counsel, Plaintiffs would be prejudiced. The individuals who were in the second floor apartment (above the first floor apartment where Plaintiff Gregory Jackson resides) have left it in a shambles (photographic evidence provided) and without a bathroom. A large dog was roaming the hallways. This Court finds that corrective measures need to be taken as soon as possible.
Having now denied Defendant's oral application for an adjournment, the Court considers the merits of Plaintiffs' motion. Previously this Court issued an order on March 21, 2024, as follows:
The motion by Plaintiff seeking to strike affirmative defenses & for partial summary judgment is granted in part & denied in part for reasons stated on the record. That part of the motion seeking to strike first though eighth aff[irmative] defenses granted.[FN4]That portion seeking summary judgment denied without prejudice as triable issues of fact as no showing Rona [Foderingham]'s last will was accepted for probate. (NYSCEF Doc No. 89.)
On July 25, 2024, this Court granted Plaintiffs summary judgment pursuant to RPAPL Article 15, finding that the 2015 deed from Frank Foderingham to 965 Greene Holding Corp. was invalid and directing the City Register to void it. It was
ORDERED, that Record title to the Property shall revert to Allan F. Foderingham and Rona Foderingham and they shall be deemed seized In fee absolute, free and clear of any claim of Defendant's 965 Greene Holding Corp., and their successors, legal representatives, having or claiming on interest in the Property, including, without limitation, the Deed recorded CRFN2015000179550, and every entity, claiming under them be barred from all claims, interest, estates, or other interest whatsoever in the said real property described above: and it is further
ORDERED that any tenancies or possessory interests created by 965 Greene Holding Corp. are void. (NYSCEF Doc No. 90.)
Having previously made determinations, to wit, that Rona Foderingham bequeathed the premises to Petro Jackson, that Plaintiffs are Petro Jackson's sons and presently entitled to ownership of the premises, that the Frank Foderingham-to-Defendant deed was void, and that Defendant's affirmative defenses were stricken, this Court now finds that the unrebutted allegations of Plaintiffs on this motion establish that Defendant has no legal right to enable persons unauthorized by Plaintiffs to reside in the second floor of the premises, that Plaintiff Gregory Jackson was harassed by persons placed there by Defendant, that these persons gutted the second floor, leaving it in a shambles and without a bathroom. No tenancies or possessory interests created by Defendant are valid. The presence of animals harbored by these persons placed there by Defendant is dangerous to the physical safety of Plaintiff Gregory Jackson, who resides on the first floor. The unknown persons who occupied the second floor were placed on notice of Plaintiff's motion. Defendant's per diem counsel today did not indicate that she represented them; she represented only Defendant 965 Greene Holding Corp. As such Plaintiffs are entitled to the relief they seek, including a writ of assistance (see Citibank, N.A. v Plagakis, 21 AD3d 393 [2d Dept 2005]).
Therefore, it is hereby
ORDERED that Plaintiffs' motion seeking the relief of (i) granting Plaintiffs Gregory Jackson and Kendrick Jackson judgment of possession of the Premises directing the Sheriff of Kings County to remove all occupants from the Premises; (ii) granting Plaintiffs a writ of possession pursuant to RPAPL §221 directing that the Sheriff of Kings County forthwith remove all occupants from the Premises, and place Plaintiffs in possession thereof and that Plaintiffs have execution thereon forthwith; (iii) that Defendant and all persons claiming possession or any right to possession under, by or through the Defendant are excluded from possession of said Premises; and (iv) for such other relief as this Court deems just under the circumstances, is hereby GRANTED (NYSCEF Doc No. 93); and it is further
ORDERED AND ADJUDGED, that Plaintiff Gregory Jackson, residing at 965 Greene Avenue, Brooklyn, New York, and Kendrick Jackson, with an address of 965 Greene Avenue, Brooklyn, New York 11221, shall have judgment of possession of the Second Floor apartment of 965 Greene Avenue, Brooklyn, New York 11221, against "John Doe," residing at 965 Greene Avenue, Brooklyn, New York 11221, and "Jane Doe," residing at 965 Greene Avenue, Brooklyn, New York 11221, both said persons illegally occupying the Second Floor apartment of the said premises, and against 965 Greene Holding Corp., with an address of 65 Tompkins Avenue, Brooklyn, New York 11205; and it is further
ORDERED AND ADJUDGED that the County Clerk of Kings County shall issue a writ of assistance directing the Sheriff of the City of New York, as the Sheriff of Kings County, to remove all occupants from the Second Floor of 965 Greene Avenue, Brooklyn, New York [*6]11221, according to the true intent and meaning of said judgment; and it is further
ORDERED AND ADJUDGED that upon receipt of a copy of this Order, the Sheriff of the County of Kings hereby is ordered, and is required to forthwith put the said Plaintiffs into possession of the entire real property commonly known as 965 Greene Avenue, Brooklyn, NY 11221 and remove all occupants therefrom (other than Plaintiffs) according to the true intent and meaning of said judgment and place Plaintiffs into possession thereof and that Plaintiffs have execution thereon forthwith and that this Order be executed by the said Sheriff as though it were an execution for the delivery of possession of the said premises, said premises being known as and described as 965 Greene Avenue, Brooklyn, NY 11221; and it is further
ORDERED AND ADJUDGED that said sheriff is authorized, with assistance of proper animal care and control personnel, to remove in a humane manner any animals present on said premises which do not belong to Plaintiffs; and it is further
ORDERED AND ADJUDGED that Plaintiffs are granted leave to submit to the Court, on notice to Defendant, any applications for further relief to implement and effectuate this Decision, Order, and Judgment.

Footnotes

Footnote 1:Transcripts of the hearing on the motion may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]). The Court calls attention to the provisions requiring that an opinion or decision be included in the record on appeal should an appeal be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]).

Footnote 2:Bank of New York Mellon, as Collateral Agent And Custodian For The NYCTL-A Trust was previously deleted as a defendant.

Footnote 3:The Court also wishes to add that it preserved the opportunity for in-person applications for adjournments on motion days themselves in order to accommodate counsel who have demonstrated exigent situations which precluded them from being able to file written adjournment requests by the third court business days prior, e.g., last-minute medical emergencies, family crises, or cancellation of childcare services. In these circumstances, motion papers, in support or in opposition, usually have been already filed and it is just that an appearance at oral argument is problematic. The opportunity to make an in-court application in and of itself does not excuse a failure to submit papers in accordance with CPLR 2214. As provided for in this Court's Rules:
 "Responsive papers to notice of motion or notice of petition. Responsive papers to a notice of motion or notice of petition are expected to be filed timely in accordance with the CPLR. Untimely papers shall be accompanied by an explanation as to why they are late. Untimely papers may be rejected by the Court, and their acceptance shall be at the Court's discretion. Untimely reply papers are presumptively not to be considered, their untimeliness shall be disclosed during oral argument, and their acceptance shall be at the Court's discretion." (IAS Part 2 Rules, Part II, Subpart A, § 7.)

Footnote 4:These were all of Defendant's affirmative defenses.