Carvey v Kandalaft (2025 NY Slip Op 50209(U))

[*1]

Carvey v Kandalaft

2025 NY Slip Op 50209(U)

Decided on February 18, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 18, 2025
Supreme Court, Kings County

Randolph Carvey, Plaintiff,

against
Karlo Kandalaft and SYKER CAR SERVICE, INC., Defendants.

Index No. 511181/2019 

The Johnson Law Office, P.C., Brooklyn (Robert W. Johnson of counsel), for Plaintiff.
Baker, McEvoy & Moskovits, P.C., Brooklyn (Michael A. Fritz of counsel), for Defendants.

Aaron D. Maslow, J.

The following numbered papers were used on this motion:
Submitted by Defendants in Support of Motion
NYSCEF Doc No. 80: Notice of Motion
NYSCEF Doc No. 81: Affirmation of Michael Lachman
NYSCEF Doc No. 82: Statement of Facts
NYSCEF Doc No. 83: Exhibit A - Summons and Complaint
NYSCEF Doc No. 84: Exhibit B - Answer
NYSCEF Doc No. 85: Exhibit C - Bill of Particulars
NYSCEF Doc No. 86: Exhibit D - IME Report
NYSCEF Doc No. 87: Exhibit E — Plaintiff's EBT Transcript
Submitted by Plaintiff
NYSCEF Doc No. 90: Stipulation to Adjourn
NYSCEF Doc No. 92: Stipulation to Adjourn
Filed by Court
NYSCEF Doc No. 91: Order Rejecting Stipulation
NYSCEF Doc No. 93: Order Rejecting Stipulation
Plaintiff Randolph Carvey ("Plaintiff" or "Carvey") commenced suit against Defendants for personal injuries allegedly sustained in an April 11, 2019 motor vehicle accident. Defendants seek summary judgment against Plaintiff pursuant to Insurance Law § 5102 (d), which defines serious injury, a predicate for maintenance of an action for personal injuries proximately resulting from a motor vehicle accident. Movant Defendants' motion should be granted. As Plaintiff's bill of particulars failed to list any applicable categories of serious injury listed in said § 5102 (d) (see NYSCEF Doc No. 85), and based on information provided by the parties, this Court assumes Plaintiff asserts serious injury under the more commonly claimed categories: permanent loss of use of a body organ, member, function or system, permanent consequential limitation of use of a body organ or member, significant limitation of use of a body function or system, and medically-determined prevention of a person from performing their usual and customary daily activities for at least 90 days within 180 days of the accident ("90/180") (see Epstein v MTA Long Island Bus, 161 AD3d 821 [2d Dept 2018]; Behrman v Geratowski, 23 Misc 3d 1135[A], 2009 NY Slip Op 5111[(U] (Sup Ct NY County 2009]).[FN1]

Through Dr. Pierce J. Ferriter's IME report, Defendants made out a prima facie case of lack of serious injury regarding the medical categories (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]).
Plaintiff offered no evidence of permanent loss, as there was no total loss (see Oberly v Bangs Ambulance, 96 NY2d 295 [2001]).
As for the 90/180 day category, although the bill of particulars claims Plaintiff was confined to bed for three to four months and is still confined to home (see NYSCEF Doc No. 85), Plaintiff neither put evidence forward to suggest any time was spent at home nor was any testimony given to this effect at the EBT (see NYSCEF Doc No. 87). Additionally, while Plaintiff noted his inability to take out the trash, dress himself, sit for long periods, tie his shoes, walk around the block, and continue working as a self-employed barber, it is unclear whether this is an outcome of the subject accident or from an accident that occurred in 2017 in which he allegedly broke all the bones in his body (see id.; Linton v Gonzalez, 110 AD3d 534 [1st Dept 2013] [given lack of evidence of causation, plaintiff cannot establish 90/180 injury claim]; Lanzarone v Goldman, 80 AD3d 667 [2d Dept 2011] [plaintiffs not able to perform tasks as easily or had pain in doing so does not meet 90/180]); Gavin v Sati, 29 AD3d 734 [2d Dept 2006] [plaintiff's claim that he was unable to work for eight months following the accident was not supported by any competent medical evidence linking his purported inability to work with [*2]his alleged accident-related injuries].[FN2]

Significantly, at his EBT, Plaintiff testified that due to the 2019 accident, he was confined to his home, except for going to doctors, for "about a month and a half" (NYSCEF Doc No. 87 at 52.). That contradicts his bill of particulars claim that he was "confined to bed approximately three to four months and continuing to some extent, and confined to house to date, continuing to some extent" (NYSCEF Doc No. 85 ¶ 12). Self-serving and contradictory comments regarding the ability to perform certain activities does not make out a 90/180 day serious injury (see Atamian v Mintz, 216 AD2d 430 [2d Dept 1995]). Curtailment of recreational and household activities does not meet 90/180 (see Lauretta v County of Suffolk, 273 AD2d 204 [2d Dept 2000]).
It is also clear that Plaintiff meets neither category of permanent consequential limitation nor significant limitation. The only medical examination submitted into evidence is the IME conducted about three years after the accident at the behest of Defendants (see NYSCEF Doc No. 86), noting Plaintiff's alleged injury to the cervical spine as resolved (see Sukalic v Ozone, 136 AD3d 1018 [2d Dept 2016] [plaintiff failed to raise triable issue of fact as to significant limitation as he did not submit quantitative assessment of his condition made contemporaneously with subject accident; affirmation of plaintiff's examining physician failed to raise triable issue of fact as to permanent consequential limitation as he failed to set forth any objective medical findings from a recent examination]). This was not rebutted by medical evidence from Plaintiff, which leads the Court to address Plaintiff's application for an adjournment.[FN3]

Plaintiff's attorney made an oral application before the Court requesting an adjournment, after written stipulations to adjourn were rejected by the Court. Plaintiff's attorney claimed at oral argument to be unfamiliar with the case (as a transcript of oral argument will bear out) and argued that more time was necessary to obtain the information necessary to rebut Defendants' summary judgment motion. Specifically, the attorney noted that their law firm was currently in [*3]the process of retrieving Carvey's medical records as his treatment was allegedly ongoing. Plaintiff Carvey's attorney, however, was unable to provide the names of the doctors or the dates and attempts made to receive the records. Defendants did not object to this adjournment request.
"The granting of an adjournment for any purpose rests within the sound discretion of the Supreme Court (see Matter of Steven B., 6 NY3d 888, 889 [2006]; Miglionico v Homeowners' Assn., Inc., 184 AD3d 818, 819 [2020]). Further, the court has the discretion to grant an extension of time to file opposition papers 'upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed' (CPLR 2004; see Leader v Steinway, Inc., 186 AD3d 1207, 1209 [2020]). 'In exercising its discretion, a court may consider such factors as the length of the delay, the reason or excuse for the delay, and any prejudice to the party opposing the motion' (Kim & Bae, P.C. v Sunki Lee, 173 AD3d 990, 992 [2019]; see Tewari v Tsoutsouras, 75 NY2d 1, 12 [1989])." (U.S. Bank v Sokolof, 201 AD3d 839, 840-841 [2d Dept 2022]).
It is not an improvident exercise of discretion to deny an adjournment where the need for such a request is based on the movant's failure to exercise due diligence (see Matter of Breaker v ACS-Kings, 129 AD3d 715, 716 [2015]). The Court may reject an insufficiently detailed excuse for not filing opposition papers timely (see Laurent v Belony, 193 AD3d 712 [2d Dept 2021] [plaintiffs' undetailed and conclusory explanation of their expert's delay in providing an expert affidavit necessary to oppose the defendants' motion]; Harrison v Toyloy, 174 AD3d 579 [2d Dept 2019] [plaintiff's attorney failed to identify the expert by name and did not provide any details concerning purported "reasonable efforts" to contact the expert]; Kisiletskiy v Pena, 153 AD3d 800 [2d Dept 2017] [motion made March 26, 2012, court denied unopposed motion on Aug. 10, 2012]).
There is no automatic right to a stipulated adjournment of a motion: "Stipulations of adjournment of the return date made by the parties shall be in writing and shall be submitted to the assigned judge. Such stipulation shall be effective unless the court otherwise directs." (22 NYCRR 202.8 [d] [emphasis added].)
This Court finds that good cause has not been presented for seeking an adjournment. The treating physicians were not identified nor was an explanation provided as to why Plaintiff's attorney was unable to procure the necessary medical records. An attorney has a duty to a client to act with reasonable diligence and promptness and not to neglect a matter (see Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.3 [a], [b]); also to reasonably consult with the client about the means by which the client's objectives are to be accomplished (see id. rule 1.4 [a] [2]). This includes maintaining contact with the client's physicians after initial treatment and the maintenance and compilation of related medical records. The within motion was filed by Defendants on May 28, 2024. It was not until October 29, 2024, when a stipulation to adjourn was submitted. There has been no sufficient explanation from Plaintiff as to why, for five months, opposition could not have been submitted.
As this Court noted in Shmerelzon v Gravesend Mgt., Inc. (80 Misc 3d 1233[A], 2023 NY Slip Op 51155[U], *2 [Sup Ct, Kings County 2023]):
Plaintiff's counsel could have made a good faith showing by submitting the medical records he did have in its possession and explaining in a timely submitted stipulation or application exactly what was lacking, why it was lacking, from whom it was lacking, and the good faith efforts made to procure what was lacking, with dates and details.
This was not done and instead Plaintiff offered no compelling reason for adjourning Defendants' motion for summary judgment.
Accordingly, IT IS HEREBY ORDERED that Plaintiffs' oral application for an adjournment is DENIED and that Defendants' motion for summary judgment is GRANTED. IT IS HEREBY FURTHER ORDERED that Plaintiff's complaint is dismissed and the Clerk shall enter judgment to that effect

Footnotes

Footnote 1: It is evident that Plaintiff does not qualify for the death or loss of fetus categories; he was examined alive by Dr. Ferriter and he is a male. From the IME report, it is also clear that Plaintiff did not sustain dismemberment, significant disfigurement, or a fracture. In fact, it was disingenuous for Plaintiff to state in the bill of particulars, "The plaintiff has sustained a serious injury and/or economic loss as defined in section 5102 of the Insurance Law by reason of the aforementioned injuries and/or damages, as described elsewhere, and plaintiff has complied with Section 5102 of the Insurance Law of the State of New York" (NYSCEF Doc No. 85), as this implies that all of the nine defined categories of serious injury were met.

Footnote 2: Notably, Plaintiff testified that in the 2019 accident he injured some of the same body parts injured in the 2017 accident and then changed his testimony (see NYSCEF Doc. No. 87 at 19-20). However, he did testify that he had back surgery resulting from the 2017 accident (see id. at 16-17); he claimed back injuries form the 2019 accident also (see NYSCEF Doc No. 85 at 3). It was both before the 2019 accident and afterwards that Plaintiff could not take out the garbage (see NYSCEF Doc No. 87 at 42). Plaintiff's only limitation after the 2019 accident was in taking out the garbage (see id. at 43), but then he changed his answer to include buttoning clothes, putting on clothes, wetting himself, tying shoes, and standing in the shower (see id. at 44-45). Before the 2019 accident he still experienced pain in the back and neck (see id. at 48).

Footnote 3: The adjournment stipulation filed October 29, 2024 (NYSCEF Doc Nos. 90, 91) was rejected by the Court; it did not contain who sought the adjournment or why, in contravention of IAS Part 2 Rules. The adjournment stipulation filed on October 30, 2025 was untimely — past the IAS Part 2 Rules deadline of three days prior to oral argument (see NYSCEF Doc Nos. 91, 92). The Rules regarding adjournments are constructed so as to avoid the Court reviewing motions in advance of oral argument which will end up being adjourned. The Rules provide that when a written adjournment stipulation is denied, an oral application may be made in court, which was done here.