Elam v Eglesias (2025 NY Slip Op 50370(U))

[*1]

Elam v Eglesias

2025 NY Slip Op 50370(U)

Decided on March 21, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 21, 2025
Supreme Court, Kings County

Shawntay A. Elam, Plaintiff,

against
Jose S. Zelaya Eglesias, R & J PROVISIONS, JOHN DOE name being fictitious and intended to be the operator of the vehicle owned by R & J PROVISIONS INC., G. MARSHALL, GMAT LOGISTICS LLC, Defendants.

Index No. 531409/2023

Aaron D. Maslow, J.

This is an action for personal injuries sustained by the Plaintiff due to a motor vehicle accident that occurred on June 10, 2021.
Apparently the law firm representing John Doe and R & J Provisions, Inc. served a set of deposition subpoenas on non-parties Dr. Max Macbarb c/o Stony Brook University Hospital and Police Officers Jennifer Moody and Walter Fingerle c/o Suffolk County Police Department, to depose them last month.
Plaintiff's counsel, Tarasov & Associates P.C., took issue with these subpoenas, contending that they were not put on notice of them, that the subpoenaed individuals are experts who are not subject to non-party depositions, and that the subpoenaing Defendants should be sanctioned. Plaintiff moved to quash the subpoenas, limit the subpoenaing Defendants to non-expert testimony only, and to have sanctions imposed (Motion Sequence No. 1).
The subpoenaing Defendants argued in opposition that the subpoenas were properly issued to non-parties who were not experts: police officers responding to the accident and a treating doctor at the hospital to which Plaintiff was taken.
The within motion by Plaintiff was scheduled to be argued today, March 21, 2025.
This Court reviews motions in advance (see Matter of Court's Discharge of its [*2]Responsibilities Pursuant to 22 NYCRR 100.3 (D) (2), (3), 80 Misc 3d 813, 814 [Sup Ct, Kings County 2023]). In reviewing Plaintiff's papers submitted in support of the within motion, the Court read in paragraph 9 of attorney Peter Vakarev's affirmation in support the following:
9. CPLR 3120 (b) provides in pertinent part as follows:
"(b) As against non-party. A person not a party may be directed by order to do whatever a party may be directed to do under subdivision (a). The motion for such order shall be on notice to all adverse parties; the non-party shall be served with the notice of motion in the same manner as a summons." (NYSCEF Doc No. 46 ¶ 9.)
The Court consulted its printed version of the Civil Practice Law and Rules to read Rule 3120. The Rule did not include the text quoted by Attorney Vakarev. The Court consulted online databases — Westlaw and Lexis — with the same result: the quoted text was not in Rule 3120. In fact, while the text quoted by Attorney Vakarev purportedly appears in subdivision (b), CPLR 3020 does not contain subdivisions which are lettered, as in (a), (b), (c), etc.
At oral argument earlier today, a per diem attorney appeared as of counsel to Plaintiff's attorneys, Tarasov & Associates P.C. The Court inquired of her whether she could explain the discrepancy — that the text quoted from CPLR Rule 3120 did not appear in any version of the CPLR consulted by the Court. Per diem counsel was unaware of the quoted language. Moreover the Court was perplexed at the position taken by the appearing per diem attorney: that responding police officers and a treating hospital doctor were considered experts.
It became clear to the Court that the appearing per diem attorney was not adequately prepared to argue the motion on behalf of Plaintiff. This was not the first time that this Court has encountered an appearing per diem attorney who was not sufficiently familiar with a motion being argued (see Matter of Adjournment of a Motion for Summary Judgment, 83 Misc 3d 229 [Sup Ct, Kings County 2024]). The Court reiterates what it stated there: "[E]thical prescriptions impose a basic duty upon a judge to take remedial action when it is evident that a lawyer's representation is so significantly diminished due to lack of knowledge of the facts of the case that it would be fundamentally unfair to the client and impair the latter's ability to be heard, and no prejudice inures to the opposing party from a brief adjournment at the pretrial stage" (id. at 234).
This Court is not the only one to encounter problems resulting from per diem attorney appearances on behalf of clients (see, e.g. Soto v Chelsea W26, LLC, 166 AD3d 1048 [2d Dept 2018] [pier diem attorney may not have appeared on motion return date]; Min Yoon v Costello, 29 AD3d 407 [1st Dept 2006] [per diem attorney's failure to appear in mistaken belief that motion would be called later did not constitute reasonable excuse for default]; Nunez v Resource Warehousing & Consolidation, 6 AD3d 325 [1st Dept 2004] [per diem attorney failed to notify attorney of record that matter marked off trial calendar]; Jackson v 965 Greene Holding Corp., 84 Misc 3d 1232[A], 2024 NY Slip Op 51600[U] [Sup Ct, Kings County 2024] [per diem attorney had not even spoken to attorney of record]; Jones v Wong, 2020 NY Slip Op 30395[U] [Sup Ct, NY County 2020] [per diem attorney ill-equipped to sufficiently explain complexities of physician's affirmation required to oppose defendant's motion]; 3343 Decatur Ave. LLC v Rios, 58 Misc 3d 1225[A], 2018 NY Slip Op 50264[A] [Civ Ct, Bronx County 2018] [per diem attorney who appeared on motions never read pleading]; 4298 Park LLC v Bracero, 46 Misc 3d 1209[A], 2015 NY Slip Op 50023[U] [Civ Ct, Bronx County 2015] [per diem attorney lacking sufficient knowledge of case entered into stipulation]; Kane v City of New York, 36 Misc 3d 1231[A], 2012 NY Slip Op 51567[U] [Sup Ct, Richmond County 2012 [stipulation entered into [*3]sought to be vacated by attorney of record because per diem covering cases in more than one Part authorized another attorney to attend discovery conference]; Bobet v Rockefeller Ctr. N., 2009 NY Slip Op 33444[U] [Sup Ct, NY County 2009] [attorney of record misinformed by per diem attorney that matter merely adjourned]; Focus Camera & Video, Inc. v Choice One Digital, Inc., 12 Misc 3d 1165[A], 2006 NY Slip Op 51065[U] [Sup Ct, Kings County 2006] [per diem attorney failed to pick up file and/or appear].
It is a serious matter when a party's attorney submits an affirmation quoting text from a statute which does not appear therein. "The court is entitled to rely upon the accuracy of any statement of a relevant fact unequivocally made by an attorney in the course of judicial proceedings" (Matter of Schildhaus, 23 AD2d 152, 156 [1st Dept 1965]). In fact, an attorney who makes specious arguments or misleads the court is subject to discipline (see Matter of Benjamin, 205 AD2d 978 [3d Dept 1994]; Matter of Friedman, 196 AD2d 280 [1st Dept 1994]; Matter of Neuwirth, 39 AD2d 365 [2d Dept 1972]; Matter of Schildhaus, 23 AD2d 152).
The irregularity of quoting language in a statute which does not appear therein is compounded when the attorney who appears for oral argument is not sufficiently familiar with the case in order to explain the misquotation, as was the situation in the case at bar.
A court may order a member of a law firm — not an of counsel or per diem attorney — to appear (see, e.g. Durso v Hudson North Mgt., LLC, 2014 WL 12670691 [Sup Ct, Westchester County 2014]; Wells Fargo Bank, NA v Davilmar, 16 Misc 3d 1133[A], 2007 NY Slip Op 51682[U] [Sup Ct, Suffolk County 2007]). Courts have issued orders that attendance at a conference by per diem attorneys not authorized to settle may result in sanctions chargeable to the attorney of record for abusing the court's limited resources (see, e.g. Chattar v Rahaman, 2020 NY Slip Op 35666[U] [Sup Ct, NY County 2020]).
Since per diem counsel was not personally familiar with why Plaintiff's counsel included text misquoting CPLR 3120, and did not explain satisfactorily to the Court why police officers and a treating hospital doctor would be considered expert witnesses, the Court deemed it appropriate to adjourn the instant motion to March 27, 2025 and direct that a member of the firm — not a per diem attorney — representing Plaintiff appear in connection therewith. Since the misquotation of CPLR 3120 implicates an issue of misleading the Court, a hearing on potential sanctions will also take place that day.
It is hereby ORDERED as follows:
(1) The instant motion by Plaintiff to quash the subpoenas, limit the subpoenaing Defendants to non-expert testimony only, and to have sanctions imposed on Defendants John Doe and R & J Provisions, Inc. (Motion Sequence No. 1) is adjourned to this Court's March 27, 2025 motion calendar.
(2) At such time, Plaintiff shall appear by a member of the firm of Tarasov & Associates and not by an of counsel or per diem attorney.
(3) The Clerk shall add to the March 27, 2025 calendar a hearing on potential sanctions concerning Plaintiff's law firm's quotation of text attributed to CPLR 3120 which does not appear therein.